### JUCHT *v.* BEHRENS.

*(City Court of Brooklyn, General Term.*  October 28, 1889.)

NEGLIGENCE—DANGEROUS PREMISES—LIABILITY OF LANDLORD.

In an action for injuries resulting from a fall down the stairway leading from the hall to the cellar in a tenement house owned by defendant, it appeared that plaintiff went to the house on the night in question to deliver the washing of one W., a tenant on the first floor. The hall was not lighted, and when plaintiff came out of W.'s room she walked through the cellar door, which had been left open, and fell down the steps. The occupants of the house used the cellar in common. W. testified that at defendant's request she furnished a lamp for the hall, and agreed to keep it lighted. It did not appear that the hall or cellar stair was faulty or different from the common tenement-house plan. *Held,* that the evidence did not show negligence on defendant's part.

Appeal from trial term.

Action by Louisa Jucht against Dorothea Behrens for personal injuries. The complaint was dismissed, and plaintiff appeals.

Argued before OSBORNE and VAN WYCK, JJ.

*M. L. Towns,* for appellant.  *Jerry A. Wernberg,* for respondent.

OSBORNE, J.  Plaintiff brought this action to recover damages for injuries sustained by her in falling down the cellar stairs of a tenement house owned by defendant, which injuries she claims were caused by the negligence of the defendant in permitting the hallways of said house to be unlighted, and dark and unsafe, and the opening, or door-way, from the hallway to the cellar to be open and unguarded. It appears from the evidence that the premises in question consisted of a three-story double house containing six families. The stairway was built in the recess of the hall, and the door leading to the cellar was under the stair. All the tenants had the right of access to the cellar, and there kept their fuel. On the evening of April 20, 1888, between 6 and 7 o'clock, plaintiff went to the apartments of one Mrs. Weisberger on the first floor to deliver her washing. She started to leave between 7 and 8 o'clock, went out into the hall, which was dark and unlighted, took a couple of steps,

she testifies, and, the door leading to the cellar being open, fell down the cellar stairs, and suffered the injuries of which she complains. Mrs. Weisberger testifies that she furnished a lamp for the hall, at defendant's request, and was to keep it lighted, at her request. The complaint was dismissed at the trial on the ground that no negligence was shown on the part of the defendant, and from the judgment entered thereon this appeal is taken.

The only question left for us to consider on this appeal is whether the defendant was shown to be negligent in any duty that she owed the plaintiff. We can find no evidence in this case that defendant was negligent. There is no proof that the construction of the hallways and the cellar stair was in any respect faulty or differing from the ordinary plan of tenement houses. The accident was occasioned by some one leaving the cellar door open. If that had been closed the accident would not have happened. That some one was negligent in leaving the cellar door open is doubtless true, but it nowhere appears that the defendant or her servants left the door open. We cannot say that it was the duty of the owner to light the halls of the premises. The fact that the hall was dark entailed on the plaintiff the duty of moving carefully, and if she had done so, or asked for a light, she would have discovered the open door, and so have avoided the accident that befell her. To say that because some one (presumably one of the tenants) carelessly left the cellar door open it constituted negligence on the part of the defendant is a proposition that cannot be entertained. The case of *Camp* v. *Wood*, 76 N. Y. 93, relied on by appellant's counsel, is not in point. In that case the court substantially held that it was the duty of the landlord to provide safe arrangements for the entrance and departure of those invited to his premises. There, however, it will be noted the construction of the stairway and the exit therefrom was peculiar, and calculated to mislead. In the case at bar there was no faulty or peculiar construction shown to exist. The cellar stairway was properly guarded by a door, and no negligence was shown on the part of the defendant. *Kaiser* v. *Hirth*, 36 N. Y. Super. Ct. 344. For the reasons stated, we think that the learned trial judge was right in dismissing the complaint. Judgment affirmed, with costs.