(5 Misc. Rep. 444.)

## MULLER v. MENKEN.

(Superior Court of New York City, Jury Term.   November, 1893.)

NEGLIGENCE—FAILURE TO LIGHT GAS IN HALL OF TENEMENT HOUSE.
> The mere fact that the owner of a tenement house failed to light the gas in a hall is not proof of negligence, so as to render him liable to one who falls down the stairs at night.

Action by Louis Muller, by guardian, against John H. Menken, to recover damages for personal injuries.   Judgment for defendant.

Louis Steckler, for plaintiff.

L. S. Goebel and Edward W. S. Johnston, for defendant.

McADAM, J.   The defendant is the owner of the five-story brick tenement house No. 537 East Twelfth street, and is sued for damages resulting from injuries received by the plaintiff February 22, 1893.   The plaintiff, who was then three years of age, resided with his mother on the third floor of said tenement, and on that day, at about 6 P. M., he walked from the front room, where his mother resided, to the rear room, where she was temporarily engaged in ironing clothes for Mrs. Hoffman.   The door was opened, and the child came in the room where the mother was.   As he opened the door to go out she noticed that the hallway was dark, and called out to him, "Child, you will fall!"   The door of the room was closed, and in a moment thereafter a noise was heard, and on ascertaining the cause it was discovered that the boy had fallen down stairs, by reason of which he sustained the injuries for which he now claims compensation.   There was no want of, or defect in, safeguards.

The theory of the action is that the duty of lighting the lamps in the hallways devolved upon the defendant; that he failed to light the lamps on the occasion in question, and that in consequence of that neglect the accident happened.   The first question is whether the duty in question was assumed by or rested upon the defendant, and whether the failure to perform it was the proximate cause of the injury.   There was evidence that the defendant, who lived in the house, had been in the habit of lighting the lights on the first two floors, and the child's mother admitted that she had been in the habit of lighting the gas on her floor, (the third,) and that the defendant had never attended to the lighting of it.   The defendant denied that he assumed any duty respecting lighting the gas, and that it was usually lit by any of the occupants inclined to do so after it was dark enough to light up.   That the different occupants did this, from time to time, there can be no doubt.   Aside from any special contractual understanding upon the subject, the law casts upon the landlord the duty of making the hallways of a tenement house reasonably safe for the use of the different tenants and their visitors, and he is liable to any one, lawfully there, who is injured in consequence of the neglect to perform this duty after notice of the defect.   Henkel v. Murr, 31 Hun, 28; Alperin v. Earle, 55 Hun, at page 212, 8 N. Y. Supp. 51; Montieth v. Finkheiner, (Sup.) 21 N. Y. Supp. 288; Looney v. McLean, 129 Mass. 33; Donohue v.

Kendall, 50 N. Y. Super. Ct. 386, affirmed 98 N. Y. 635; Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077; Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104. The recent case of Miller v. Hancock, decided by the English court of appeals in June, 1893, (2 Q. B. 177,) reaffirms the same rule. The ground of liability of the landlord of a tenement or flat rests upon the theory that, though he lets the flats to tenants, the hallways and stairways remain in his occupation and control; that the tenants can only use their flats by using the hallways and stairways; and that the landlord, when he lets the flats, impliedly grants to the tenants an easement over the hallways and stairways, the control of which he retains for the purpose of the enjoyment of the flats so let. Bowen, L. J., in case last last cited. The owner's duty is to guard against probable dangers; it does not go to the extent of requiring him to make accidental injuries impossible. The stairways were of the same character tenement houses usually have. No defect in construction or in repair was charged or proved, and the sole ground of liability alleged must be found in the failure to light the gas on the afternoon in question. Since the case of Halpin v. Townsend, 2 City Ct. R. 417, affirmed in 107 N. Y. 683, 14 N. E. 611, it has been considered the settled law in this state that the owner, lessee, or occupant of a tenement is under no legal obligation to keep lights in the hallways of a house, nor to maintain handrails; that the absence of lights or handrails does not prove negligence. To substantially the same effect, see Hildebrand v. Schenck, 2 City Ct. R. 249, where a tenant residing in a tenement house fell down stairs, and sued the landlord for neglect to light the gas in the lower hall, alleging that she fell because of the failure to perform that duty. It was held she could not recover. In Jucht v. Behrens, (City Ct. Brook.) 7 N. Y. Supp. 195, plaintiff, after delivering her washing to one of defendant's tenants, fell down the cellar stairs, the cellar door having been left open by some one, and the hallway being very dark. There was no peculiar construction in the hall or stairway, and the tenant had agreed, at defendant's request, to keep the hall lighted. It was held that the plaintiff could not recover, as no negligence was shown on the defendant's part. See, also, Pfeiffer v. Ringler, 12 Daly, 437, and Kaiser v. Hirth, 36 N. Y. Super. Ct. 344. In Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580, plaintiff was visiting a tenant of the defendant in an apartment house in the city of Brooklyn. The court held that he was entitled to the same amount of care that a tenant would be entitled to. He went down the stairs. There was no gas lit in the hall. It was late in the evening. Not knowing the exact location of a water-closet he was seeking, he opened a door, which was slightly opened, and stepped out on a platform, from which he fell down into the cellar of the building and broke his leg; and the court said:

"We cannot see that there was any obligation on the part of the defendant to keep the hallway lighted, or to keep the cellar door locked, at the peril of becoming responsible for an accident such as happened in this case. We are of the opinion that the evidence fails to disclose the lack of reasonable care on the defendant's part in the attention given to these doors or to the lighting of the hallway. Defendant was no insurer of the safety of the

plaintiff, and the mere failure to light the gas and to keep the cellar door locked did not sustain the allegation of negligence. The facts of the case did not establish such want of care, nor should the jury be permitted to draw an inference of negligence from the conceded facts. We fail to see how it can possibly be claimed, in view of these cases, that proof of any negligence on the defendant's part exists in this case."

Negligence cannot be inferred; it must be proved by the plaintiff. As the court said in Searles v. Railway Co., 101 N. Y., at page 662, 5 N. E. 66, the court must not be left to mere conjecture and a bare possibility that the damage was caused in consequence of the negligence or unskillfulness of the defendant. Surmise will not do. It cannot take the place of proof. Here there is only the bare conjecture that the defendant's negligence, if any, caused the injury. There is no convincing evidence. It cannot be assumed that the accident would not have happened if the light had been lit on the two lower floors for reasons hereafter suggested. Without such proof, the plaintiff's case must necessarily fail. See, also, Larkin v. O'Neill, 119 N. Y. 221, 23 N. E. 563. The case of O'Sullivan v. Norwood, 14 Daly, 286, holds that, if ordinary care requires that the stairs should be kept lighted in order to make them reasonably safe for travel, it is the lessor's duty to light them. But this decision seems contrary to the consensus of opinion on the subject, and cannot, therefore, be followed. Unless the alleged negligence of the defendant was the proximate cause of the injury, there can be no recovery. 16 Amer. & Eng. Enc. Law, 428. It appears that the child fell, but why is not clearly established. If the mother had discharged her duty and lit the gas on her own floor, the accident might not have happened. It is certainly more reasonable to assume that the accident was attributable to this cause than to the failure to light the gas in the two floors below. The child fell on the third floor, and probably would not have fallen if that floor had been properly lighted, and the mother concedes that this duty belonged to her. One of two results necessarily follows: (1) That it does not appear that the proximate cause of the injury was the sole neglect of the defendant; (2) that it was the result of negligence of the mother, or the combined and concurring negligence of the defendant and the mother of the child, whose negligence is imputable to the infant. Shear. & R. Neg. (4th Ed.) § 74. In either case there can be no recovery. For these reasons there must be judgment for the defendant.