## VOLUME 46,

AND

## New York State Reporter,

## VOLUME 80.

(19 App. Div. 324)

### GORMAN v. WHITE et al.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

NEGLIGENCE OF LANDLORD.

 It is not negligence, under all circumstances, for a landlord to fail to keep the halls and stairways of his tenement house lighted, and the presence of a stick of wood on the stairway is not such a probable danger as to call upon the landlord to protect his tenants against it by lighting the gas.

Appeal from trial term.

Action by Patrick Gorman against Eleanor White and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

George William Hart, for appellant.
E. P. Johnson, for respondents.

PARKER, J. Between the hours of 6 and 7 on the evening of the 29th day of April, 1893, plaintiff's wife was proceeding down the back stairs from her apartments on the fourth floor to the back yard for wood. On one side of the stairway was a hand rail about 18 inches from the wall, and on the other a partition wall. What happened Mrs. Gorman described as follows:

"The stairs were so dark I could not see my hand. I had to hold the banister while I was going all the way down. There was no gas lit. There was a gas fixture right over the stairs, but the meter was kept locked by the janitor in a little place in the wall. There was another fixture on the second floor, two flights from the street. During all the time I lived there, the janitor had charge

46 N.Y.S.—1

of the lighting of the gas. Tenants were not allowed to light it. It was kept locked. The janitor had the key. I had gone down these stairs and reached almost to the turn in the last flight, and was about 12 steps from the bottom of the stairway, when my right foot stepped upon something on the stairway, and I fell, and only that I held on to the banisters I would have fallen down. I felt that it was a piece of wood that I stepped on, but did not see it until after the janitor had lit the gas. He came around right after the accident, and lighted it. I was holding the banister with my right hand and was going down carefully, because it was so dark."

As soon as the injured woman had told the story of the accident, the trial judge advised counsel that without other evidence of negligence there could be no recovery. It being conceded that the plaintiff could not show other negligent acts, whether of omission or commission, the plaintiff rested, whereupon his complaint was dismissed.

The stick of wood carelessly left upon the stairs caused the plaintiff's wife to fall. The evidence, however, does not even suggest that the defendant is responsible for its presence there. But, urges his counsel, although defendant was not responsible for the presence of the stick of wood on the stairs, and Mrs. Gorman would not have fallen had she not stepped on it, still she could have seen it, and avoided it, had the gas in the hall been lighted. True, but the presence of a stick of wood on the stairway was not a probable danger against which the owner was called on to protect his tenants by lighting the gas. The appellant is, therefore, driven to make the claim that a landlord is negligent under all circumstances who fails to keep the halls and stairways of his tenement houses lighted. But in this state the law is settled otherwise. · Halpin v. Townsend, 2 City Ct. R. 417, affirmed 107 N. Y. 683, 14 N. E. 611; Muller v. Minken, 5 Misc. Rep. 444, 26 N. Y. Supp. 801; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580; Jucht v. Behrens (City Ct. Brook.) 7 N. Y. Supp. 195. The Hilsenbeck Case was decided after O'Sullivan v. Norwood, 14 Daly, 286, which goes further in the direction of appellant's contention than any case we have found in this state. Indeed, it may be said that it stands quite alone in the position taken by it. But even that case does not assert that the mere failure to light a hall and stairway constitutes negligence. In that case a part of the stairway was lighted from the street, while the lower step of the second flight was so obscured in darkness as to have induced the plaintiff to believe that there were no more steps. This proved a mistake, and the result was a fall, an injury, and a recovery by the plaintiff.

The judgment should be affirmed, with costs. All concur.