EMILY BRUGHER, Appellant, v. HERMAN BUCHTENKIRCH, Respondent.

*Negligence — duty of a landlord, whose general hallway in a building rented in flats has steps in it, to light it artificially — sufficiency of an allegation of a complaint to authorize proof that a light was required.*

While a landlord is not, ordinarily, obliged to furnish artificial light to the common hallway of a building rented in flats, yet, where the construction is so unusual because of steps existing in the hallway that, in order to render it reasonably safe to those using it, artificial light is necessary, and by reason of its absence a person while looking for a tenant in the building falls down the steps and is injured, a question is presented for the consideration of the jury as to whether the duty devolving upon the landlord of using reasonable care in the premises has been fulfilled.

An allegation in the complaint that a person in looking for a tenant " came upon one or more steps or stairs down and directly across said hall, and that in consequence of the insufficient light in said hall and on said steps or stairs," she "stepped off and over and fell, or pitched forward" and was injured, is sufficient to permit proof in support of her theory that the landlord should have supplied artificial light, because of the unsafe construction of the stairs in the hall.

APPEAL by the plaintiff, Emily Brugher, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of December, 1897, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*Edwin B. Root*, for the appellant.

*Edward W. S. Johnston*, for the respondent.

O'BRIEN, J.:

After the jury was impaneled the defendant's counsel made a motion to dismiss the complaint, which was granted. The question presented, therefore, is the same as it would be upon a demurrer to the complaint, involving a determination as to its sufficiency as stating a cause of action. The material allegations, summarized, are that the defendant was the owner of certain premises in East Eighty-fourth street in the city of New York, and that portions of the building erected thereon were let in flats or apartments to several tenants; that the halls and stairs in the building were a common passageway to and from the street for the tenants and other persons

lawfully entering or leaving the same, and that the said halls and stairs remained in the control and possession of the defendant; that in violation of his duty the defendant carelessly and negligently suffered and allowed the halls and stairs to be so insufficiently lighted as to be at all times dangerous; that on November 25, 1895, about noon, the plaintiff went on business to see one of the tenants, and entered the hall of the building on the first or ground floor, and, being uncertain on which floor the tenant lived whom she desired to see, she continued along the hall towards a light coming through a transom over a door at the end thereof, with the intention of inquiring the way to the apartment of the person she was in search of; " that while continuing along said hall, as aforesaid, the plaintiff came upon one or more steps or stairs down and directly across said hall, and that in consequence of the insufficient light in said hall and on said steps or stairs, plaintiff stepped off and over and fell or pitched forward and down onto the lower floor of said hall and against a projection of the wall, and was thereby greatly injured."

It has been many times held that where premises are occupied by several families, and the halls or passageways are under the control of the landlord, the only obligation resting upon him is to use care in keeping them in a reasonably safe condition. Ordinarily, the landlord is under no general duty to keep his hallways lighted. (*Halpin* v. *Townsend,* 2 City Ct. Rep. 417; affd., 107 N. Y. 683; *Hildebrand* v. *Schenck,* 2 City Ct. Rep. 249; *Jucht* v. *Behrens,* 26 N. Y. St. Repr. 690; *Hilsenbeck* v. *Guhring,* 131 N. Y. 674; *Gorman* v. *White,* 19 App. Div. 324.) There are, however, exceptions to this general rule growing out of some unusual construction of hallways or passageways which, in order to render them reasonably safe to persons lawfully using them, need to be lighted. Thus, where the flooring of the hall or passageway is uneven, or arranged with steps or an opening, such as an elevator shaft, so situated as to be cut off from the natural light of day, by reason of which darkness their presence cannot be known, failure on the part of the landlord to supply artificial light is negligence. A case well illustrating this exception to the general rule is *Sunderlin* v. *Hollister* (4 App. Div. 478), in which we find so full a review and discussion of the cases bearing upon this point as to make repetition unnecessary. That was an action for alleged negligence, in

which it appeared that the plaintiff went into the store of the defendants, who were dealers in rubber boots and shoes, to purchase a pair of rubbers, and that in passing along a hall, which was darkened by tiers of boxes, she fell though an elevator opening which was not guarded upon the side from which she approached. As said in the opinion: "The evidence tended to show that the floor was black or dark, and that the space in and about the opening was somewhat dark, and that there was nothing especially to attract the attention of any one to the opening in the floor;" and upon such facts it was held that it was error to dismiss the complaint. An equally instructive case is that of *Marwedel* v. *Cook* (154 Mass. 235), where the owner of a building let it for office purposes to various tenants, retaining control of the halls, stairways and elevator. The stairways were winding and so constructed that the natural light was partially cut off, and artificial light, for which provision was made, was necessary at times to render them safe. During an afternoon in March a woman went in the elevator to the fifth floor on business, and having finished the same at about half-past five o'clock, after the elevator had stopped running for the day, proceeded to descend by the stairway, with which she was unacquainted, then the only mode of egress. A tenant of the office visited by her, seeing that the gas was not lighted, cautioned her to be careful. As she was going down from the fourth to the third story it grew dark, but although unable to see she went on, holding to the hand rail with both hands, and in some way at a turn in the stairs lost her hold, fell and was injured. Held, in an action against the owner of the building for such injuries, that the question whether the defendant was negligent in not lighting the stairways, and whether the plaintiff exercised due care in descending under the circumstances, were for the jury, and in the opinion it was said: "The jury may well have found upon the evidence that the stairs were unsafe unless lighted, and that the construction of the building and stairway was such as to cut off the natural light, and at times when it was full daylight, and when the stairway was properly in use, to render it unsafe without artificial light, and that the plaintiff, while going down the stairs from the fourth to the third floor, fell at the turn of the stairs at the back of the well in consequence of the stairway not being artificially lighted, and that the

stairway was then unsafe for want of such light. * * * The jury were justified in finding that the defendants owed to the plaintiff the duty of providing such light as would render the stairway reasonably safe, and that they failed in that duty."

There is no inconsistency between these latter cases and the ones first cited, which hold that the landlord is under no obligation to keep the hallway lighted; for both are but applications of the same general rule, that the owners of property are bound to use reasonable care to keep such portions of the premises as are under their control in such condition that those who lawfully go there shall not be unnecessarily exposed to danger. Where, therefore, there is nothing exceptional in the construction of the hallways or passageways of an apartment house or tenement, there is no duty incumbent upon the landlord of supplying artificial light either by day or night. But where the construction is unusual, then, if in order to render it reasonably safe to those lawfully using it, artificial light be necessary, a state of facts is presented from which a jury may infer that the duty devolving upon the landlord, of using reasonable care in regard to his premises, has not been fulfilled.

If the fair inference, therefore, from the allegations of the complaint, was that the defendant was sought to be charged merely because he failed to supply artificial light to the hallways, then, clearly, the judge below was right. But the error into which he fell grew out of the fact that he failed to give due weight to the further allegation in the complaint which we have pointed out as to the construction of this particular hallway. For it will be noticed that the plaintiff alleges that she " came upon one or more steps or stairs down and directly across said hall, and that in consequence of the insufficient light in said hall and on said steps or stairs " she " stepped off and over and fell, or pitched forward," and was injured. Fairly construed, this was tantamount to saying that the steps across that dark hall were dangerous, and that ordinary care required that they should be artificially lighted, because only then could it be concluded that they were reasonably safe. For we must consider this in connection with the further statement that the accident occurred in the daytime, and that at such time the light coming through a transom at the end was not sufficient to reveal the danger. While many of the

allegations relate to the failure to provide artificial light, still the complaint rests the defendant's liability upon the peculiar construction of the hallway which rendered artificial light necessary in order to make it reasonably safe. When the learned judge had construed the complaint as a statement that the plaintiff relied solely upon the failure to light the halls, the plaintiff's counsel made his position definite by saying that, in view of that construction given to the complaint by the court, he would ask to amend by inserting " that the said hallway was so constructed that, without artificial light, it was not reasonably safe for the passage of persons lawfully there." That motion was denied and no exception was taken ; but it serves to emphasize the plaintiff's theory of her action, which we think is sustained by a fair and liberal construction of the allegations of the complaint. So construed, it was sufficient to permit proof to be given to support the plaintiff's theory, that, by reason of the unsafe construction of stairs across the hall, it was incumbent upon the defendant, in the exercise of reasonable care in rendering the place reasonably safe, to supply artificial light. If such proof had been given, there would have been sufficient to go to the jury upon the question of the defendant's negligence.

The dismissal of the complaint, therefore, was error, for which the judgment appealed from should be reversed, with costs to the appellant to abide the event.

Van Brunt, P. J., Barrett, Rumsey and Patterson, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.