CARRIE B. CAPEN *vs.* WILLIAM H. HALL *et al.*, Trustees.

PROVIDENCE—JULY 1, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Negligence. Duty of Landlord to Strangers. Artificial Light in Halls and Stairways.*

While owners of buildings rented for business purposes must so construct their buildings as to render them reasonably safe for the purposes for which they are permitted to be used, as to strangers rightfully upon the premises, yet where there is no structural defect in the entries, hallways, or stairways, or anything in the surroundings calling for special care on the part of the owners, they owe no duty to the persons who may use them in regard to lighting the same.

TRESPASS ON THE CASE for negligence, in not furnishing artificial light in the halls and stairways of a building owned by the defendants, whereby the plaintiff, who had entered the building to visit a tenant, fell and was injured. Heard on demurrer to declaration. Demurrer sustained.

TILLINGHAST, J. This is trespass on the case for negligence. The declaration alleges, in substance, that defendants had the care, control, and management of a certain

business block in Providence, in which they let rooms, tenements, stores, and offices to various tenants; and that they extended an invitation, express or implied, to the public to make use of the entries, hallways, and stairways in visiting said tenants. It also alleges that the plaintiff, while using the same and while departing from a visit to one of the tenants in said block, being in the exercise of due care, suddenly tripped and fell, owing to the insufficient light in said entries hallways, and stairways. The declaration further alleges that it was the duty of defendants to keep said entries, hallways, and stairways lighted, so that a person using the same with due care should not be injured; and, more particularly, that it was the duty of defendants on the day in question to keep said entries, &c., lighted, so that plaintiff, who was then and there coming away from certain tea-rooms in said block, after having been there for a lawful purpose, should not be injured. It then alleges the failure of the defendants to discharge said duty, and the consequent injury to the plaintiff for which she sues.

The defendants demur to the declaration on the ground that it is not the duty of defendants to keep said entries, hallways, and stairways lighted.

It is to be observed that the declaration does not allege that there was any structural defect of any sort in the entries, hallways, or stairways of said building, or anything in the surroundings which called for special care on the part of the defendants, but only that said hallways, &c., were insufficiently lighted. The bald question raised, therefore, is whether it was the duty of the defendants, as matter of law, to keep said entries and stairways lighted. If it was, it becomes the duty of all landlords and owners of buildings, who retain general control of the hallways and stairways thereof, to see that the same are properly lighted at all times when they may be rightfully used, notwithstanding they are in all respects inherently safe and convenient.

We are inclined to the opinion that such a requirement would be unreasonable, and that the law does not impose so onerous a burden as this upon the owners of buildings. That

they must so construct their buildings as to render them reasonably safe for the purposes for which they are permitted to be used, as to strangers, at any rate, who are rightfully upon the premises, is evidently a reasonable requirement and one which the law devolves upon them. Tayl. L. & T. 8 ed. § 175; *Monteith* v. *Finkbeiner*, 50 N. Y. St. Rep. 453; *Alperin* v. *Earle*, 55 Hun. 211; *Henkel* v. *Murr*, 31 Hun. 30; *Dollard* v. *Roberts*, 130 N. Y. 269; *Looney* v. *McLean*, 129 Mass. 33. As between landlord and tenant, however, where the latter has full control of the premises, the cases generally hold that the rule of *caveat emptor* applies. *Railton* v. *Taylor*, 20 R. I. 279; Tayl. L. & T. § 175; Thomp. Neg. Vol. 1, 323. But when it comes to the furnishing of artificial light, we cannot say, as a general proposition, that they are called upon to furnish it. In cases of special danger from unusual construction, or by reason of traps and pitfalls, the rule might be otherwise. But as to ordinary halls and stairways we are not prepared to say that the owners of buildings owe any duty, in regard to lighting the same, to the persons who may use them. If a person sees fit to poke around in a strange and unlighted hallway and comes in contact with some obstruction or falls down stairs and is injured, he has little ground of complaint, as ordinary prudence would dictate greater precaution. If it is necessary to use the hallway or stairs, some means could readily be employed to avoid danger in so doing.

Considerable attention appears to have been given to the general question under consideration by the courts of New York, and the settled law of the adjudged cases in that State is that the owner, lessee, or occupant of a building is under no legal obligation to maintain lights in the hallways. *Muller* v. *Minken*, 5 Misc. Rep. 444, and cases cited. See also Thomas on Negligence, 719.

In support of the plaintiff's contention that the declaration states a valid cause of action, her counsel relies mainly upon the case of *Marwedel* v. *Cook*, 154 Mass. 235. We do not think the case is a full authority in support of the plaintiff's declaration. In the first place, it was not a decision rendered

on demurrer to the declaration, but on a petition for new trial with all the facts before the court. And, in the second place, it appeared, amongst other things, that the stairs, which were partly unlighted, were constructed in a well, three sides of which were closed; that at the back of the well, which was about nine feet from the entrance or open side, the stairs turned and passed down on the third side of the well to the front or open side; and that the turn was made by six "winders" which were nearly triangular in form, being about four inches wide on the inside where the hand-rail was, and about two feet wide at the other end against the wall, where there was no rail. In view of these facts the court held that the jury might well have found that the stairs were unsafe unless lighted, and that the construction of the building and stairway was such as to cut off the natural light and render the stairway unsafe without artificial light. It is apparent, therefore, that the decision was based upon the peculiar facts of the case, and hence cannot be said to hold generally that it is the duty of landlords to light the hallways and stairways of their buildings. It is also to be observed that the decision, even thus limited, was rendered by a divided court. Whether we should follow it if the case before us was similar, we are not now called upon to decide.

The demurrer is sustained, and the case remitted to the Common Pleas Division for further proceedings.

*Page & Page and Arthur Cushing*, for plaintiff.

*Bassett & Mitchell*, for defendants.