### BRANCATO v. KORS et al.

(Supreme Court, Appellate Term. October, 1901.)

1. FACTORIES—LIGHTING OF HALLWAYS—DUTY OF TENANT.

Under Laws 1897, c. 415, § 81, as amended by Laws 1899, c. 192 (Factory Law), providing that when, in the opinion of the factory inspector, it is necessary, the workroom, halls, and stairs leading to workrooms shall be properly lighted, the owner of a building used as a factory is not liable for injuries resulting from a failure to provide such lights, in the absence of any showing that the factory inspector has required lights, or that, in his opinion, they were necessary.

2. SAME—COMMON-LAW LIABILITY.

At common law the lessee of a building is not liable for injuries resulting from failure to provide lights in hallways.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Marianna Brancato against Samuel A. Kors and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

William McArthur, for appellant.
Frederick C. Steffen, for respondents.

McADAM, J. The action is to recover damages for injuries sustained by the plaintiff December 17, 1900, by tripping on the stairway leading from the third to the second floor of premises No. 269 Bowery, this city. The accident happened about 7 o'clock in the evening, while the plaintiff, who worked for the defendant Kors, a tailor, was leaving work for the day. The codefendants, Ferrer Bros., were the lessees, and had control of the building, and Kors merely occupied rooms on the third floor, where he carried on his vocation. It was conceded at the trial that no cause of action had been made out against Ferrer Bros., but the plaintiff insisted on holding Kors liable under section 81 of the factory law (Laws 1897, c. 415, as amended by Laws 1899, c. 192), which provides that "when, in the opinion of the factory inspector, it is necessary, the workrooms, halls and stairs leading to workrooms shall be properly lighted. Such lights to be independent of the motive power of such factory." The building was used as a factory, but was not under the control of Kors, so that it is difficult to discover how the duty of lighting the hallways could devolve upon him. But, apart from this, there is no evidence that the factory inspector required lights in the hallways, or that, in his opinion, they were necessary, so as to create a duty upon any one to do the lighting. At common law neither owner nor lessee is under any legal obligation to put lights in the hallways, and the absence of such lights does not prove negligence. Halpin v. Townsend, 2 City Ct. R. 417, affirmed in 107 N. Y. 683, 14 N. E. 611; Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580; Muller v. Minken, 5 Misc. Rep. 444, 26 N. Y. Supp. 801. It is clear, therefore, that the proofs established no liability against the defendant. As neither party claims that the statute in relation to the lighting of hallways in tenement houses (Laws 1895, c. 567, § 9), has any application to factories or business property, or that it affects any question involved here, we refrain from making any further reference to it. The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.