SHIRLEY WHITE *vs.* THOMAS L. HEFFERNAN *et al.*

APRIL 22, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. In this action of trespass on the case for negligence the defendants' demurrer to the plaintiff's amended declaration was sustained by the superior court. The case is now before us on the plaintiff's exception to this ruling.

The plaintiff's amended declaration alleged, in substance, that the defendants were owners, as tenants in common, of certain premises in Providence; that they were occupied by the plaintiff as tenant under an agreement with a tenant of the defendants of said premises; that the defendants at the time of the injuries complained of permitted a dangerous condition to exist on such premises, in that the rear stairway to the back yard was so constructed that one stepping from

the interior of the building onto the topmost step was obliged to turn sharply to the left, instead of proceeding straight forward, in order to descend; and that said stairway was un-lighted by any artificial illumination.

The amended declaration then further set out that be-cause of the maintenance by the defendants of the hereinbe-fore described nuisance upon such premises, it was the duty of the defendants to install at such stairway artificial light-ing so that the plaintiff would not be injured while descend-ing the stairway after dark, but that the defendants failed to perform their duty in this respect, by reason whereof the plaintiff, while in the exercise of due care, missed her step when in the act of descending such stairway, fell and was in-jured.

The defendants demurred to this declaration on several grounds, the more important of which were that it did not appear by said declaration that the defendants had any right of control over the premises occupied by the plaintiff, under an agreement with a tenant of the defendants; that it did not appear by said declaration that the defendants were guilty of any negligence; that they were under any such legal duty as the plaintiff alleged; or that the form of con-struction of the stairway in question was inherently danger-ous.

We are of the opinion that the defendants' demurrer is good. The plaintiff does not dispute that this court has held that the owner of a building, rented for business purposes, who keeps control of its entries, hallways and stairways, is under no duty, as a matter of law, even to a stranger right-fully upon the premises, to artificially light the ordinary entries, hallways and stairways, they being inherently safe and convenient and nothing in their surroundings calling for special care. *Capen* v. *Hall*, 21 R. I. 364.

In the instant case, however, the allegations of the amend-ed declaration show that the plaintiff is not a stranger to the premises, but a subtenant. In *Gorski* v. *Consolidated Ren-*

*dering Co.*, 41 R. I. 339, it was decided that, in regard to injuries received from defects in premises, a subtenant has no greater right of recovery from the owner than has the tenant himself, and that the subtenant is governed by the same rules and is subject to the same limitations as is the tenant.

It is well settled in this state that, as between landlord and tenant, where the latter is given full control of the premises, he takes the risk of all known and obvious defects. See *Capen* v. *Hall, supra.* In *Whitehead* v. *Comstock & Co.*, 25 R. I. 423, the court, at page 426, stated: "But in the absence of any agreement to repair the demised premises on the part of the landlord, and in the absence of any fraud or concealment on his part as to their safe condition, and the defects in the premises are not secret, but obvious, the authorities seem to be unanimous that the tenant takes the risk of their safe occupancy." See also *Leonick* v. *Manville Jenckes Corp.*, 60 R. I. 247.

A consideration of the amended declaration in the present case reveals a failure on the part of the plaintiff to allege facts upon which can be based any duty or any obligation owed by the defendants to the plaintiff, such as is claimed by the latter. There is no allegation in the amended declaration of any facts showing that the entryway, or stairway, in question was for the common use of tenants and others, or that the defendants had retained control over such entryway or stairway. Neither is there any allegation in said declaration of facts showing that the defendants were under any duty to the plaintiff to change the construction of said entryway, or stairway, or to light the same with artificial light after dark, because of any secret defects or dangers, of fraud or concealment on the part of the defendants, of any statutory duty imposed upon them, or for any other like reason.

The allegations in the amended declaration that the condition described therein constituted a nuisance does not aid the plaintiff in this present proceeding in view of the fact

that she is alleged to be a subtenant of the premises in question.

In *Davis* v. *Smith,* 26 R. I. 129 the court, at page 136, quotes with approval from Wood, Landlord & Tenant as follows: "To the tenant, the landlord is not liable for a nuisance existing on the premises at the time when the lease was made, . . ." Also, in a case brought to recover for injuries caused by a fall on a stairway by one visiting for business purposes certain premises, the halls and stairways of which were controlled by the owner, the court, in *Polansky* v. *Heller,* 241 Mass. 484, at page 485, stated: "The suggestion that by reason of the dangerous condition due to the original construction of the building the landlord might be found liable on the ground of nuisance, is untenable. The tenant took the premises as he found them; and the lack of provision for artificial light was obvious to him and to those coming upon the property to do business with him."

The plaintiff has cited to us *Keeler* v. *The Lederer Realty Corp.,* 26 R. I. 524 as an authority supporting her present contention. That case, however, is clearly distinguishable from the instant case. In the former case the plaintiff was neither a tenant of the premises involved nor a visitor therein, but was a stranger passing along a public highway when he was struck by a portion of the rain trough or gutter which fell from the building in question. This court in overruling demurrers to the declaration held that both the landlord and the tenant would be liable to the plaintiff upon an allegation which in effect showed that the condition complained of constituted a public nuisance of long standing.

The ruling of the superior court sustaining the defendants' demurrer to the plaintiff's amended declaration was, therefore, correct.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker,* for plaintiff.

*Dooley, Jackvony, Curran & Dunn,* for defendants.