THOMAS JOSEPH YUPPA, JR., *p.a. vs.* JOHN E.
WHITTAKER *et al.*
AGNES YUPPA *vs.* JOHN E. WHITTAKER *et al.*

OCTOBER 31, 1958.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, J.J.

CONDON, C. J. These actions of trespass on the case were heard together in the superior court on demurrers to the plaintiffs' declarations. They are here on the plaintiffs' exceptions to the decisions sustaining the demurrers.

Each declaration consists of four counts in negligence and a fifth in nuisance. The alleged cause of action arose out of an injury sustained by plaintiff Thomas Joseph Yuppa, Jr. as a result of coming in contact with a heated pipe in a tenement rented from the defendants by his mother, plaintiff Agnes Yuppa, and her husband. Such tenement was on the first floor and was heated by a central system which heated other tenements on the upper floors. The heated pipe in question passed through plaintiff's tenement and provided heat for the tenement above. Each declaration avers that defendants had exclusive control of the central heating system.

The first count in the child's declaration alleges a duty on the part of defendants to keep the system in a reasonably safe condition so that the pipes would not become overheated. The second count similarly alleges a duty to prevent overheating of the pipes. The third count also alleges a duty to provide heat from the system in such a manner that the pipes would not become overheated. The fourth count alleges a further duty on the part of defendants to cover the heated pipes so that persons in the tenement, especially a child of tender years, would not be injured by coming in contact with them. The fifth count alleges that the pipe in question was overheated and uncovered and in such condition became and was a nuisance for which defendants were liable.

The mother's declaration also consists of four counts in

negligence and one in nuisance. Each count substantially alleges the same duty on the part of defendants in the circumstances and their breach thereof as is alleged in the child's declaration except that the mother alleges consequential damages to her as a result of his injury.

The trial justice found that none of the first three counts alleged the breach of any lawful duty on the part of defendants as landlords of the rented tenement. He also found that the fourth count was likewise defective with reference to any special duty to the child. The fifth count he found lacking in allegations of any actionable duty under the law of nuisance.

The plaintiffs contend that he erred in sustaining the demurrers on such grounds. They argue that a landlord in exclusive control of all apparatus necessary to heat rented premises is liable for injuries suffered by the infant son of a tenant and for consequential damages to the parent where a pipe in the system becomes overheated or where the pipe is not covered so as to prevent such injury. They further contend that the presence of such a heated pipe in rented premises constitutes an actionable nuisance for which the landlord is liable. They concede that he is not liable where the alleged defect is latent or where he has surrendered control of the premises. But where he retains control of a heating system which services such premises they contend he is liable. In support of their contention they cite numerous cases in this jurisdiction and elsewhere and contend that the facts alleged in the cases at bar bring them within the rule of such cases.

We agree with the law cited by plaintiffs but deny its applicability to the circumstances set forth in the several counts of the instant declarations. None of the allegations therein sets out a valid cause of action. There is no special merit in the allegation that the pipe was "overheated." On the face of the declarations it was the duty of defendants to provide heat for plaintiffs' premises. The plaintiff Agnes

Yuppa, as tenant, assumed control of the rented tenement with the knowledge that such premises would be heated in accordance with the contract with defendants and that the pipe passing through such premises to the floor above would also be heated on occasions. This being the condition of the tenement at the time it was rented she took it as she found it and if there was a defect therein, as for example a lack of covering on the heated pipe in question, it was not the landlords' duty to guard against such defect either as to her or any invitee, including members of her household. *Capen* v. *Hall*, 21 R. I. 364; *Whitehead* v. *Comstock & Co.*, 25 R. I. 423; *Gorski* v. *Consolidated Rendering Co.*, 41 R. I. 339; *Leonick* v. *Manville Jenckes Corp.*, 60 R. I. 247.

As to the fifth count we agree with the trial justice that it does not set out a case of actionable nuisance. The mere fact that the pipe in question was heated and was sufficiently hot to burn the child when he came in contact with it does not of itself constitute a nuisance. And even if it did, it would not avail the plaintiffs anything because the parents rented the tenement and assumed control thereof with the alleged nuisance present therein. It is not the control of the source of the heat in the central heating system which is the decisive factor, but rather the control of the premises wherein existed the particular heated pipe which caused the injury. Where a tenant has full control of rented premises in which an obvious defect exists, he takes the risk thereof. Such is the settled law of this state and applies to an alleged nuisance existing on the premises at the time they were rented to the tenant. *White* v. *Heffernan*, 60 R. I. 363.

The plaintiff's exception to the decision in each case is overruled, and each case is remitted to the superior court for further proceedings.

*Arcaro & Belilove, Abraham Belilove,* for plaintiffs.

*Francis V. Reynolds, Richard P. McMahon,* for defendants.