LEONHARDT HILSENBECK, Respondent, *v.* JOHN M. GUHRING, Appellant.

In an action to recover damages for alleged negligence, these facts appeared: Defendant is the owner of a building in the city of B., the upper stories of which are used for apartments, access to which was by stairs leading from a hall on the first floor. Two doors in this hall open, one into a water-closet for the use of the tenants, the other upon a platform or landing at the head of stairs leading to the cellar. Plaintiff, who was a guest of a tenant occupying one of the apartments, came down the stairs into the hall, which was dark and not lighted, to go to the water-closet; he opened the cellar door, walked across the landing, fell down the cellar steps and was injured. *Held,* defendant was not liable, as the evidence failed to show negligence on his part or freedom from negligence on the part of plaintiff; that plaintiff was entitled to the same care and no more than if he was a tenant; and as to a tenant, there was no obligation on defendant's part either to keep the hall lighted or the cellar door locked.

(Argued March 18, 1892; decided March 25, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 26, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries received by plaintiff through the alleged negligence of defendant.

It appeared that plaintiff went to premises belonging to defendant, a portion of which was occupied by his son in law as tenant, to visit the latter, and that late in the afternoon of a dark day, he started to go down to a water-closet which opened on the hall of the first story, and not knowing its exact location, and by the reflection of a dim light, he saw a door standing slightly open, and supposing it to be a door leading to the closet he opened it and stepped out onto a platform from which he fell down into the cellar of said building and broke his leg. There was no rail or guard on said platform opposite said door until the second step of the stairs leading therefrom down into the cellar.

The following is the opinion in full:

"It seems to us that the plaintiff failed to make out a cause of action by showing either negligence on the part of the defendant or freedom from negligence contributing to the injury on his own part. As to the negligence of the defendant, we cannot see upon what facts it can properly be based.

"The door into the cellar was on this occasion unlocked and there was no gas lighted in the hall. There is no allegation and no evidence that the way leading to the cellar was improperly constructed, even if that fact were pertinent. After opening the door one could walk along the platform two or three steps before coming to the head of the cellar stairs, and so it could not be claimed that the top of the stairs was so close up to the door that one in the exercise of ordinary care would be apt to fall down the stairs upon the door being opened and before he would have a fair or reasonable opportunity to notice what was in front of him.

"The defendant was under no greater obligation to the plaintiff than if he occupied the position of tenant himself. The plaintiff was a guest of the tenant, and hence was entitled to the same amount of care that a tenant would be entitled to.

"We cannot see that there was any obligation on the part of the defendant to keep the hallway lighted, or to keep the cellar door locked, at the peril of becoming responsible for an accident such as has happened in this case. We are of the opinion that the evidence fails to disclose the lack of reasonable care on the defendant's part in the attention given to these doors or to the lighting of the hallway. Assuming his liability for a failure to exercise the requisite care and attention in managing this part of the building so as to avoid the improper exposure of the tenants or their visitors to harm, yet we think it clear the facts do not establish such want of care, nor should a jury be permitted to draw an inference of negligence from the conceded facts. The defendant was no insurer of the safety of plaintiff, and the mere failure to light the gas and to keep the cellar door locked did not sustain the allegation of negligence. Again, on the plaintiff's part, he was clearly guilty of negligence contributing to the injury. He says it was dark, and after he got hold of the door in

question, it was so dark he could not see into the space in front of him. He had never been there before, and he had no information which might mislead him, or cause him to think there was but one and that the door into the closet. He knew nothing about it, and in that state of ignorance he opens a door which he thought was the one leading to the closet, but, it being dark, he could not be certain, and, notwithstanding the darkness, he walks ahead and, while supposing himself in the closet, steps to the head of the stairway and falls down the cellar stairs. In such case and in the darkness he should not have proceeded in a perfectly strange place without a light, or in some way taking precautions which would have enabled him to proceed in safety. There is no presumption that a man can walk through all doors he comes to in such a house without looking and in safety, and hence, if one do come to a door in a hallway under such circumstances as this case shows, he cannot walk through it in darkness and claim damages for the resulting injury.

" The plaintiff has doubtless sustained a very severe injury, one of a permanent nature, and one from which he has without doubt suffered great pain, but we do not think the injury he has sustained is one for which the defendant can be legally made liable, and hence the recovery in favor of the plaintiff cannot be sustained.

" The judgment should be reversed and a new trial granted, with costs to abide the event."

*William J. Gaynor* for appellant.

*Alfred Steckler* for respondent.

*Per Curiam* opinion for reversal and new trial.
All concur.
Judgment reversed.