WILHELMINE STERGER, Appellant, *v.* J. WYCKOFF VAN SICKLEN, Respondent.

An owner may ordinarily exercise such dominion over and make such use of his real estate as he chooses, provided the rights of others are not thereby violated, and the use to which he puts his property is not of such a public character that he is bound to observe reasonable care in keeping it in a condition to save harmless those invited to come upon it for his benefit and profit.

The covenant of a landlord to repair does not inure to the benefit of a stranger sustaining injury because of its breach.

*It seems* that one who enters upon the premises of another upon lawful business, by the express or implied invitation of the proprietor, has a right to believe that, taking reasonable care himself, all reasonable care has been used by the owner to protect him, so that no injury may occur, and as to him the owner is chargeable with the duty of exercising that degree of care.

Where, however, one enters upon the premises of another as a mere licensee, without any enticement or inducement, he does so at his own risk, and as to him the owner owes no duty of care or vigilance.

The fact that the premises are leased with a condition that the owner may re-enter to make repairs, does not enlarge his responsibility as to third persons.

In an action to recover damages for personal injuries, the following facts appeared: Defendant owned certain premises, which he had leased to one L.; the steps leading from a stoop in the rear of the building on the premises to the ground were decayed; defendant knew of this and had agreed to repair them. Plaintiff occupied the adjoining premises, the two lots being separated in the rear by a fence through which an opening had been made by knocking off boards. Plaintiff went through said opening to defendant's house, not at the occupant's invitation or on a matter of common interest, and on coming out one of the steps broke and she received the injuries complained of. The complaint was dis-

missed. *Held*, no error; that plaintiff was a mere licensee and no duty was imposed upon defendant requiring the exercise of any care to protect her.

*Timlin* v. *Standard Oil Co.* (126 N. Y. 514); *Beck* v. *Carter* (68 id. 283), *Clancy* v. *Byrne* (56 N.Y. 129); *Swords* v. *Edgar* (59 id. 28), distinguished.

(Argued March 14, 1892; decided May 3, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 10, 1889, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Circuit, and also affirmed an order denying a motion for a new trial.

By this action the plaintiff seeks to recover damages for injuries sustained under the following circumstances:

On the afternoon of June 20, 1886, while descending the steps leading from the ground to the rear stoop of the premises known as No. 68 Schenck avenue, Brooklyn, a step broke, causing her to fall and resulting in injury. The premises were owned by the defendant, but occupied by one Leopold, a tenant, who entered into possession about the 1st of March, 1884. The plaintiff occupied the house next adjoining and between four and five feet from the one in which Leopold resided. The premises were separated in the rear by a fence through which an opening had been made by knocking off some of the boards. It appeared that the defendant knew of the condition of the steps and agreed to repair them, and he offered evidence tending to show that he made an agreement with the tenant by which he was to make the repairs for a fixed sum which was deducted from the rent. This testimony was to some extent controverted, and plaintiff's counsel having asked to go to the jury before the court dismissed the complaint, the refusal of such request is assigned for error on this review.

Further facts are stated in the opinion.

*James D. Bell* for appellant. If the premises were in an unsafe and insecure condition, to defendant's knowledge when he rented them, he is liable in this action, although he was not

in actual possession at the time the injury happened. (*Hungerford* v. *Bent*, 8 N. Y. Supp. 614; *Edwards* v. *R. R. Co.*, 98 N. Y. 247; *Ahern* v. *Steel*, 115 id. 203; *Davenport* v. *Ruckman*, 37 id. 568, 574; *Timlin* v. *S. O. Co.*, 126 id. 514.) The duty of a landlord of demised premises, which he has agreed to keep in repair towards persons lawfully upon the premises, is to keep them in such state of repair as that they will not suffer injury. (*Palmer* v. *Deering*, 93 N. Y. 7; *Pell* v. *Reinhart*, 127 id. 381; *Odell* v. *Solomon*, 99 id. 635; *Anderson* v. *Kryter*, 9 Cent. L. J. 385.)

*A. Simis, Jr.*, for respondent. The plaintiff was not upon the premises where she was injured by reason of any invitation from defendant, either express or implied. He was under no duty or obligation to her to keep said premises in repair; consequently there was no negligence as to her which can give a right of action. (*Larremore* v. *C. P. I. Co.*, 101 N. Y. 391.) The defendant's covenant with Mrs. Leopold to keep her premises in repair, upon which plaintiff relies, does not inure to the benefit of the plaintiff; such covenant can only be enforced by the covenantee or his assigns. (*Odell* v. *Solomon*, 99 N. Y. 635.) If it be held that the defendant did agree to repair, then such a promise, before it could create a liability, would have to bear a new consideration. (*Flynn* v. *Hatton*, 43 How. Pr. 333.)

PARKER, J. We are of the opinion that the evidence does not permit a recovery.

No contractural relation exists between the plaintiff and defendant. The covenant of the landlord to repair does not inure to the benefit of a stranger sustaining injury because of its breach. (*Odell* v. *Solomon*, 99 N. Y. 635.)

But when the occasion of the injury constitutes a nuisance as to the party complaining, then a landlord may be chargeable in damages on the ground that he maintains a nuisance, where the contract of letting contains a covenant authorizing him to re-enter for the purpose of making repairs. (*Ahern* v. *Steele*, 115 N. Y. 203.)

We are thus brought to the question whether the decayed steps in the rear of defendant's premises leading from the ground to a stoop constituted a nuisance as to the plaintiff, who occupied an adjoining house. If so, the defendant, by reason of his covenant to repair, may be responsible for the injury occasioned to the plaintiff while walking down them.

This inquiry admits of but one answer and does not seem to be worthy of the citation of authority, but it may not be out of place to refer to the cases cited by the appellant.

It may be observed in passing that the owner may ordinarily exercise such dominion over and make such use of his real estate as he chooses, provided the rights of others are not thereby violated.

No right of the plaintiff was violated. The enjoyment of the premises occupied by her was not interfered with. Had she remained on them the injury would not have occurred. But she chose to go on private property and up or down back steps, over which she had no authority and as to which she had acquired no such interest by contract, or otherwise, as would have entitled her to demand as a right that the so-called nuisance be abated. As to her it was not a nuisance, because it did not invade either her property or personal rights. (*Murphy* v. *City of Brooklyn*, 98 N. Y. 642.)

Appellant cites *Timlin* v. *Standard Oil Company* (126 N. Y. 514), where it is held that if an owner lease premises without abating an existing nuisance, he is liable to respond in damages for an injury resulting therefrom. But that case has no application here. The nuisance complained of was dangerous to the public and the adjoining owner. The wall of a building was so out of repair that it fell over upon the tracks of a railroad company, killing plaintiff's intestate while engaged in repairing the track.

In *Beck* v. *Carter* (68 N. Y. 283), the owner made an excavation on his own land, but so near to the highway as to render travel thereon dangerous and failed to guard it, and the instruction of the trial court to the jury that the excavation was a nuisance if made in the highway, or so near it that a

person exercising ordinary care was liable to fall into it, was sustained. The court holding that the circumstances of that case imposed a duty on the defendant to protect the excavation.

It appeared that the excavation had been made in a place long used by the public, and the character of the user was thus described by the court: "It was not the case of a bare permission by the owner to cross his land adjoining a public street. The land had, by use long continued, been made, for the time being, a public place and part of the highway."

While the court held that the situation presented by the evidence supported the judgment, it did not fail to emphasize the general rule that the owner of property has the right to put his property to such use as he chooses, " and, in the absence of special circumstances, if a person traveling on a highway deviates therefrom and falls into a pit or excavation on the adjacent land, the owner is not responsible for the resulting injury."

There are cases where the use to which an owner of property puts it is of such a public character that he is bound to observe reasonable care in keeping it in such a condition as to save, harmless, those who are invited to come on to it for the benefit and profit of the owner. Cases of this kind are considered by this court in *Clancy* v. *Byrne* (56 N. Y. 129). A drayman, in the ordinary course of his business, drove a horse upon Pier No. 34, North river, and a rotten plank giving way, the horse fell through and was killed. In the opinion by FOLGER, J., it is said that the occupant is liable for an injury to the property of a person lawfully upon it therewith. "This is not put upon the ground that the south half of the pier was a public place or highway. It was private property to a certain degree, though held as such for public objects. * * * By the use to which it was put by the occupant, from which a profit to him was directly or indirectly derived, and which persons of the calling of plaintiff aided, there was a license and an invitation given to the plaintiff to come and go on this pier in the following of his employment " * * * and thus " was imposed on him the duty of taking care, so long as

it was thus kept open, that those who had a lawful right to go there could do so without danger to their property."

*Swords* v. *Edgar* (59 N. Y. 28) was a case of injury by a defective pier, and the court said, " though the pier be private property, and though it be granted that the owner or occupant thereof might at any time close it and refuse entrance upon it to any and all persons, yet so long as it was kept open to that portion of the public of which the intestate was one, for the profit of defendant's lessees, there was upon such lessees, primarily, the duty of taking care so long as it was thus kept open, that those who had lawful right to go there, could do so without incurring danger to their persons."

But a further consideration of cases is neither needful nor useful. No case has been found, nor do I think can be, which supports the contention that, as to this plaintiff, the decayed back stairs of a private residence, under the circumstances proven, constituted a nuisance.

As there is no injury, in a legal sense, which can give a right of action, unless it is occasioned by a violation of some duty owing to the injured, there remains for consideration but one other ground on which it is claimed that defendant's liability can be predicated.

It is urged that a recovery can be supported because the defendant negligently permitted the stairs to remain in an unsafe condition. The question is, therefore, presented : Did the defendant's duty require the exercise of any care to protect the plaintiff while on the premises ?

The fact that a landlord leases premises, with a condition that he may re-enter for the purpose of making repairs, does not enlarge his responsibility as to third persons, or burden him with the duty as to them of observing any greater degree of care than would be required were he in possession.

As it may tend to avoid confusion, therefore, we will consider the question of negligence from the standpoint of actual occupation by the owner, this defendant.

It will be well to get in mind, first, the situation of the premises and the circumstances surrounding and leading up to

the injury. For such purpose, we will take the testimony of the plaintiff.

At the time of the injury she occupied a house next to, and between four and five feet from the house of defendant, where the injury occurred. Between the houses was a fence, and in the rear of the houses an opening had been made by knocking some boards off. Her little girls were accustomed to go into the yard and play, and on the 20th of June, 1886, about half-past five in the afternoon, plaintiff went over to bring the children home. They were then in the house, and as she was walking down the back steps holding one of them by the hand, the fourth or fifth step from the bottom broke and her foot went through, causing her to fall to the ground, resulting in injury.

From these facts it appears that the plaintiff was not brought within the risk of these unsafe steps by the occupier's invitation on a matter of common interest, or in the exercise of a right. She was, therefore, a mere licensee.

"Permission involves leave and license, but it gives no right. If I avail myself of permission to cross a man's land, I do so by virtue of a license, not of a right. It is an abuse of language to call it a right; it is an excuse or license, so that a party cannot be treated as a trespasser." (MARTIN, B., in 7 H. & N. 745.) The general rule is that a licensee must take the property as he finds it. Mr. Pollock in his work on torts states the rule as follows : "Persons who by the mere gratuitous permission of owners or occupiers take a short cut across a waste piece of land or pass over private bridges, or have the run of a building, cannot expect to find the land free from holes or ditches or the bridges to be in safe repair, or the passages and stairs to be commodious and free from dangerous places." The exceptions to which he alludes need not be mentioned for they are not in point here.

Mr. Pollock cites in support of the rule quoted English decisions mainly, but the same rule has been generally, if not universally, applied in the various jurisdictions in this country.

In *Severy* v. *Nickerson* (120 Mass. 306) a laborer employed in loading ice on board a vessel from the wharf, after finishing

his work went on board the vessel for the gratification of his curiosity, and there fell down an open hatchway and broke his leg. DEVENS, J., speaking for the court, said : " The distinction which exists between the obligation which is due by the owners of premises to a mere licensee, who enters thereon without any enticement or inducement, and to one who enters upon lawful business by the invitation, either expressed or implied, of the proprietor is well settled. The former enters at his own risk ; the latter has a right to believe that, taking reasonable care himself, all reasonable care has been used by the owner to protect him in order that no injury may occur."

In *Larmore* v. *Crown Point Iron Company* (101 N. Y. 391) the plaintiff, an employee of defendant, quit work two days before the injury on account of the supposed danger incident to the work at the pit where he was employed.

At the suggestion of the foreman of that pit he applied at another pit and was engaged to commence work there on the following Monday, and while near a machine used in raising buckets of ore from the mines to the surface of the ground, a lever was thrown out of its socket and flying around struck and broke his legs. It was held that he could not recover, the court saying " he was on the premises at most by the mere implied sufference or license of the defendant, and not on its invitation, express or implied, nor was he there in any proper sense on the business of the company. * * * The fact that the plaintiff had on going to pit No. 10 engaged to commence work on the following Monday, did not change his relation to the company or make him other than a mere licensee on the premises."

That case is decisive of the one under consideration, so far as the question of negligence is concerned, for it is an authority for the assertion that plaintiff's own testimony establishes conclusively that while she was on defendant's premises she was at most a mere licensee.

The judgment should be affirmed.

All concur, except HAIGHT, J., not voting.

Judgment affirmed.