## NADEL v. FICHTEN.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

INJURY TO TENANT—DEFECTIVE STAIRWAY—NOTICE—EVIDENCE.
    In an action against the owner of a tenement house for an injury caused by the defective condition of the stairway, there was testimony that the defect existed a week before the accident, and that defendant and his janitress were up and down the stairs every day. Held sufficient to sustain a finding that defendant had notice of the defect.

Appeal from special term, Kings county.

Action by Maud S. Nadel against Henry C. Fichten. From a judgment for plaintiff entered June 24, 1898, and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James W. Ridgway, for appellant.

Herbert S. Worthley, for respondent.

WILLARD BARTLETT, J. The plaintiff was a tenant in a house in the borough of Brooklyn, owned by the defendant. The hallway and stairs in this house were used by the several tenants thereof in common. The plaintiff, while on her way from the apartment which she occupied to the lower hall, fell upon the stairs, and was injured. She alleged in her complaint that the injuries which she thus sustained were occasioned without any fault or negligence on her part, "but were caused by the negligence of the defendant in failing to properly light said hall and stairs, and in having said stairs covered, or partly covered, with torn or worn oilcloth or other material." The landlord of a tenement house is not under any legal obligation to light the halls or stairways therein. Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580. Upon the trial all parties seem to have assumed that this was the law, and there was no suggestion, except in the complaint, that the defendant could be held liable by reason of the insufficient lighting of the place in which the plaintiff lived. The evidence in behalf of the plaintiff tended to show that the fall by which she was hurt was caused by the insecure condition of the rubber facing on the second step from the top of the stairway. According to her testimony, she got her foot in under the rubber, and in the attempt to extricate it was violently thrown down, so that she fell the whole length of the stairs. At the close of the proof the case resolved itself into two questions: First, whether the stairway actually was in a dangerous condition, and that condition caused the plaintiff to fall; and, secondly, whether, assuming that the plaintiff's fall was thus occasioned by the unsafe and insecure condition of the rubber on the stairs, that condition had existed for so long a time and under such circumstances as to render the landlord chargeable with constructive notice of its existence. He could be held liable only if both these questions were answered in the affirmative. Henkel v. Murr, 31 Hun, 28.

As to the first question, the evidence was conflicting, but that adduced in behalf of the plaintiff was sufficient to sustain a finding in her favor.

As to the second question, there was no evidence that the defendant had actual notice of the defect, and the trial judge so instructed the jury. The learned counsel for the appellant contends that there was no evidence from which it can properly be inferred that the landlord ought to have known of the defect if it existed, but I think that the record is adverse to his contention on this point. The plaintiff's brother-in-law swore distinctly and positively that the stairs were in bad condition, the rubber being torn slightly in the middle and loose on the first and second steps from the top; that he was a frequent visitor to the premises, and noticed this condition, particularly a week before the accident. The defendant testified that he collected the rent of the premises, and visited the house every day, as he lived

next door, and attended to the repairing there.    The janitress whom he employed stated that it was her duty to sweep the stairs and light the lamps, and that she went up and down every day.    Although both these witnesses denied that the rubber on the stairs was in bad condition at the time the plaintiff said she was injured, the jury may have found that the defendant and the janitress, his agent in charge of the premises, were mistaken on this point, and, furthermore, that they visited the hallway and stairs so often that they ought to have known of any dangerous defect which had existed there a week.

I think that there was sufficient evidence to sustain the verdict, and that, in view of the medical testimony, we cannot interfere with it as excessive.    I am therefore in favor of affirmance.

Judgment and order affirmed, with costs.    All concur.