(72 App. Div. 176.)

## GOLOB v. PASINSKY.

(Supreme Court. Appellate Division, First Department. May 23, 1902.)

INJURY TO TENANT—LIABILITY OF LANDLORD—COMPLAINT—SUFFICIENCY.

A complaint in an action by a tenant for personal injuries, which alleges that plaintiff occupied as a tenant an apartment on the top floor of the building of defendant, who had reserved to himself the "control of the roof and ceilings," which he negligently permitted to become and remain in a dangerous condition, by reason of which plaster from the ceiling in plaintiff's apartment fell, and injured her, and that defendant had notice of the dangerous condition of the premises, is defective for failing to state facts showing negligence on the landlord's part in the performance of a legal duty for which an action would lie.

Appeal from special term, New York county.

Action by Rosa Golob against Henry Pasinsky. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Carl S. Petrasch, for appellant.
T. B. Chancellor, for respondent.

PATTERSON, J. The defendant appeals from an interlocutory judgment overruling a demurrer to the complaint in an action brought to recover damages for injuries sustained by the plaintiff in consequence of the falling of a part of a ceiling of a room in an apartment which she hired from the defendant, in premises owned by him. The allegations of the complaint are that the defendant owned a tenement house in Henry street, in the city of New York, which was divided or separated into apartments for the use and occupation of different tenants; that the plaintiff and her husband occupied an apartment on the top or fifth floor of the defendant's building; that the defendant had reserved to himself control of the roof and ceilings in the said building as well as other parts and portions thereof; that the defendant negligently and carelessly permitted the roof of said building and ceilings in the apartment occupied by the plaintiff to be, become, and remain in a defective and dangerous condition, and in such a condition as to become and remain out of repair, and dangerous to the health, life, and limb of persons occupying said apartment; that on the 5th day of July, 1901, while the plaintiff was lawfully in the apartment, without any negligence or fault on her part, and by reason of the carelessness and negligence on the part of the defendant in permitting the roof of said building and the ceilings of said apartment to be and remain in a dangerous condition, a large piece of plaster or other substance from the ceiling in one of the rooms in said apartment occupied by plaintiff fell and struck her on the head and back, from which she sustained injuries, and that for a long time prior to the happening of the accident the defendant had notice or knowledge of the dangerous condition of the premises. The demurrer is inter-

posed on the ground that the complaint does not state facts sufficient to constitute a cause of action. It was overruled, the learned judge below being of the opinion that while, under the allegations of the complaint, no connection was shown between the alleged condition of the roof and the fall of the ceiling, nevertheless the allegation that the defendant reserved the control of the ceilings of the building brings the case within the doctrine of Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238, and cognate cases. The respondent does not question the ordinary rule that, in the absence of contract, the landlord was not bound to make repairs, nor the proposition that the breach by the landlord of a contract to make repairs would not create a liability for personal injuries sustained by that breach and the consequent falling of the ceiling. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962. The contention, however, is that a duty devolved upon the landlord to keep the ceiling of the plaintiff's apartment safe, and that for negligence in failing to perform that duty a liability arises analogous to that recognized in the Dollard Case and in those cited by Judge Bradley in his opinion in that case. The question here is whether this complaint contains sufficient allegations to bring this action within the rule invoked by the plaintiff. It appears that she and her husband were in the occupation of this apartment as tenants; that relation necessarily gave to them the possession of the whole apartment. The ceilings of the rooms were as much parts of the demised premises in their possession as were the walls and floors of the apartment. The rule imposing liability upon landlords for negligence in maintaining stairways and hallways and the ceilings of hallways and the appurtenances of demised premises in good order over which they retain control applies to those parts of the premises which are in common use by tenants and those invited upon the premises. The complaint in this action fails to state any fact which indicates negligence of the landlord in his failure to perform a duty imposed by law upon him. The allegation that he reserved control of the roof and the ceilings of the apartments does not necessarily convey the idea of a legal duty to keep the ceiling of the plaintiff's or any other apartment in the house in safe condition, or that there was any more than a contract obligation on his part to keep the ceiling of the plaintiff's apartment in repair. It is alleged that the defendant carelessly and negligently permitted the roof of the building and the ceilings in the apartment occupied by the plaintiff to become and remain in a defective and dangerous condition, but the dangerous condition of the ceiling is not by any allegation connected with any defect in the roof, nor is it alleged that the falling of the ceiling was caused by leakage of water through the roof, or as a consequence of any other fact connected with the condition of the roof. It does not result from the allegation that the defendant retained control of the ceiling of the apartment that such reserved control was otherwise than by contract, and, if that inference may be drawn, the case falls within Schick v. Fleischhauer, supra. The difficulty with this complaint is that the phrase "reserved control" of the ceilings does

not, in the absence of other allegations, necessarily import a legal duty for the negligent failure to perform which an action would lie.

The interlocutory judgment overruling the demurrer should be reversed, with costs, and the demurrer sustained, with costs, but with liberty to the plaintiff to amend the complaint within 20 days upon payment of costs in this court and in the court below. All concur.