HELEN FRANK, Respondent, *v.* SAMUEL MANDEL and Others, Composing the Firm of S. MANDEL & Co., Appellants.

*Demurrer — what is admitted by — negligence — injury from the fall of a ceiling on the guest of a tenant, where the landlord agreed to make repairs.*

A demurrer to a complaint admits the truth of all the facts stated in the complaint and of all necessary inferences resulting therefrom, but it does not admit the truth of any conclusions either of law or of fact contained therein.

A complaint in an action brought by a guest of a tenant against the landlords to recover damages for personal injuries sustained by such guest, which alleges that the landlords covenanted in the lease to keep the demised premises in repair and reserved the right to enter such premises for that purpose, and "that as a result of the negligence of the defendants in not keeping the ceiling of the above-described apartments in proper repair, plaintiff was struck by such ceiling falling on her head while lying in bed" and "that such accident occurred as a result of the negligence solely of the defendants, and plaintiff is not guilty

# 414　FRANK v. MANDEL.

of any contributory negligence," is demurrable, as it does not charge any personal neglect on the part of the landlords, but only such neglect as is incident to a breach of contract, which latter neglect is insufficient to support the action.

The allegations of negligence contained in the complaint are not admitted by the demurrer so far as such allegations involve a mere conclusion of law or of fact on the part of the pleader.

The fact that the plaintiff was a guest of the tenant does not give the plaintiff any better standing to maintain the action than if she had been the tenant,

GOODRICH, P. J., dissented.

APPEAL by the defendants, Samuel Mandel and others, composing the firm of S. Mandel & Co., from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of December, 1901, upon the decision of the court, rendered after a trial at the Kings County Special Term, overruling a demurrer to the complaint.

*Alvin C. Cass* [*Carl Schurz Petrasch* with him on the brief], for the appellants.

HIRSCHBERG, J.:

The complaint in this case fails to state sufficient facts to constitute a cause of action, and the demurrer should have been sustained.

The action is brought to recover damages for personal injuries resulting from alleged negligence by a guest or inmate of a tenant's family against the landlords who have covenanted to keep the demised premises in repair, and who have reserved the right to enter the rented apartments for that purpose. The apartments comprise a portion of a tenement house in the borough of Manhattan, and the complaint alleges that the defendants, the landlords, reside in the building, and had knowledge at the time of the condition of the apartments. There is no allegation that such condition was defective, but it is alleged " that as a result of the negligence of the defendants in not keeping the ceiling of the above-described apartments in proper repair, plaintiff was struck by such ceiling falling on her head while lying in bed on the morning of the 21st day of November, 1900," and " that such accident occurred as a result of the negligence solely of the defendants, and plaintiff is not guilty of any contributory negligence."

By section 481 of the Code of Civil Procedure it is provided that a complaint must contain a statement of *the facts* constituting

the cause of action. A demurrer admits the truth of all the facts stated and necessary inferences resulting, but it does not admit the truth of any conclusions either of law or of fact. (*Douglas* v. *Phenix Insurance Co.*, 63 Hun, 393.) The rule is well stated in the case of *Greeff* v. *Equitable Life Assurance Society* (160 N. Y. 19, at p. 29) as follows: " The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. By interposing this demurrer, it admitted all the facts alleged and such inferences as could be fairly drawn from them. (*Moss* v. *Cohen*, 158 N. Y. 240; *Coatsworth* v. *Lehigh Valley R. Co.*, 156 N. Y. 451; *Sanders* v. *Soutter*, 126 N. Y. 193; *Marie* v. *Garrison*, 83 N. Y. 14; *Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493, 503; *Sage* v. *Culver*, 147 N. Y. 241, 245; *Kley* v. *Healy*, 127 N. Y. 555.) But it admitted none of the conclusions averred, nor any construction put upon the contract by the pleader. Nor did it admit the correctness of any inference drawn by the pleader from the facts alleged." Applying this rule to the case at bar, it is apparent that the defendants by demurring are not to be regarded as admitting negligence on their part so far as it is alleged in the complaint as a mere conclusion on the part of the pleader, whether of law or of fact. So far as any negligence may be said to be alleged as a fact in the complaint, if at all, it must be deemed to be limited by the context to an allegation of negligence on the defendants' part, not generally, but specifically, " in not keeping the ceiling * * * in proper repair." In other words, the defendants are not charged with negligence in permitting the ceiling to remain out of repair for any definite space of time, nor with the making of repairs in any negligent manner, but only with negligence in so far as the same may be predicated of a failure to fulfill their covenant to repair. The mere use of the word " negligence " does not make the complaint good.

The language of the Supreme Court of Georgia in the recent case of *Savannah, Florida & W. Ry. Co.* v. *Boyle* (42 S. E. Rep. 242) is pertinent, viz.: " It is true that the petition alleges in general terms that the defendant was guilty of negligence, but it also sets forth what is claimed by the pleader to be the act of negligence, and the only act of negligence alleged is the failure of the company's servants to search the tramps for weapons, and to

securely bind them, or place a guard over them. The conclusion of the pleader that this is negligence does not prevent the court from passing upon the question as to whether the facts alleged show the company to have been negligent." In the case at bar no personal neglect is charged, but only such neglect as is incident to a breach of contract. If negligence in that sense does not occasion liability in tort, the complaint certainly fails to state facts which constitute a cause of action.

The case of *Schick* v. *Fleischhauer* (26 App. Div. 210) is precisely in point. There the landlord promised to repair, but failed to do so, and the ceiling, because of such failure, fell upon the tenant. The complaint in tort was held bad upon demurrer. The court said (p. 211): "It is well settled in this State that no duty rests upon the landlord to repair premises *which he has demised*, or to keep them in tenantable condition, and that there can be no obligation to repair, except such as may be created by the agreement of the landlord so to do. (*Witty* v. *Matthews*, 52 N. Y. 512.) Where such agreement has been made, the measure of damages for the breach of the contract is the expense of doing the work which the landlord agreed to do but did not. *A contract to repair does not contemplate, as damages for the failure to keep it, that any liability for personal injuries shall grow out of the defective condition of the premises*, because the duty of the tenant, if the landlord fails to keep his contract to repair, is to perform the work himself and recover the cost in an action for that purpose, or upon a counterclaim in an action for the rent, or, if the premises are made untenantable by reason of the breach of the contract, the tenant may move out and defend in an action for the rent as upon an eviction. (*Myers* v. *Burns*, 35 N. Y. 269; *Sparks* v. *Bassett*, 49 N. Y. Super. Ct. 270; 1 Taylor Landl. & Ten. [8th ed.], 380.) The tenant is not at liberty, if the landlord fails to keep his contract to repair the premises, to permit them to remain in an unsafe condition and to stay there at the risk of receiving injury on account of the defects in the premises and then recover as for negligence for any injuries that he may suffer. Where the *sole relation* between two parties is *contractual* in its nature, a *breach of the contract* does not usually create a *liability as for negligence*. In such a case the liability of one of the parties to the other because of negligence is based either on the breach

of some duty which is implied as the result of entering into the contractual relation, or from the improper manner of doing some act which the contract provided for; but the mere *violation of a contract, where there is no general duty, is not the subject of an action of tort.* (*Courtenay* v. *Earle,* 10 C. B. 83; *Tuttle* v. *Gilbert Manufacturing Co.,* 145 Mass. 169.) As the result of this principle, we conclude that the plaintiff cannot maintain an action against the defendant to recover the damages which she has suffered on the ground of the defendant's negligence in failing to keep his contract to repair. Such is the weight of authority in this country. (*Miller* v. *Rinaldo,* 21 Misc. Rep. 470; *Tuttle* v. *Gilbert Manufacturing Co., supra; Flynn* v. *Hatton,* 43 How. Pr. 333; *Spellman* v. *Bannigan,* 36 Hun, 174.)"

The respondent has furnished no brief, and investigation fails to discover any case authorizing a recovery under the circumstances set up in this complaint. There is a dictum in *Edwards* v. *N. Y. & H. R. R. Co.* (98 N. Y. 245, at p. 248) that "if a landlord lets premises and agrees to keep them in repair, and he fails to do so, in consequence of which any one lawfully upon the premises suffers injury, he is responsible for his own negligence to the party injured;" but the proposition finds no support in the authorities unless the negligence is something beyond the mere failure to perform the contract. Such negligence in a general sense as may be involved in the failure to fulfill a covenant is not enough. As was said by Mr. Justice BARRETT in *Wynne* v. *Haight* (27 App. Div. 7, at p. 10): "It is not the landlord's negligence, in the sense in which that word is commonly used, which makes him liable — that is, in not fully doing what he has voluntarily promised to do, but his *active and direct negligence* with regard to the subject-matter of his undertaking. His *negligent act* must be the real cause of the injury, and it is for that alone that he is liable." It was accordingly held in that case that (p. 9) "the defendant was under no legal obligation to repair the premises, nor was she liable for damages caused by a defect in the ceiling, even though she *promised to repair it and failed to do so.*"

The plaintiff, as a lodger, visitor or member of the tenant's family, has no better claim than the tenant would have. The cove-

nant of the landlord to repair does not inure to the benefit of a stranger sustaining injury because of its breach. (*Odell* v. *Solomon*, 99 N. Y. 635.) In *Sterger* v. *Van Sicklen* (132 N. Y. 499) Judge PARKER said (p. 504) : "The fact that a landlord leases premises with a condition that he may re-enter for the purpose of making repairs, does not enlarge his responsibility as to third persons, or burden him with the duty as to them of observing any greater degree of care than would be required were he in possession." (See, also, *Hilsenbeck* v. *Guhring*, 131 N. Y. 674.)

The case of *Dollard* v. *Roberts* (130 N. Y. 269) is distinguishable upon principle. There the injury resulted from the fall of a ceiling in a hallway common to all the tenants. The property where the accident happened was not demised but remained in the possession of the landlord. It was held that the landlord owed to the tenants a duty of active care to see that the hallway was kept in a safe condition for their use. The duty was legal and not contractual; that is, it was imposed by law and did not result from the obligations of an agreement. The distinction was noted by Judge BRADLEY in the statement at page 272, that "if the hallway had been part of *the premises demised* to the plaintiff, there would have been *no liability* of the defendant to him."

The complaint in this case gains nothing by the general charge that the ceiling fell as a result of the defendant's negligence in not keeping it in proper repair. In the very recent case of *Golob* v. *Pasinsky* (72 App. Div. 176) the complaint was much more specific. It alleged that the defendant, the landlord, had reserved to himself control of the roof and ceilings in the building; that he "*negligently and carelessly*" permitted the roof of the building and ceilings in the apartment occupied by the plaintiff to "be, become and remain in *a defective and dangerous condition*, and in such a condition as to become and remain out of repair and dangerous to the health, life and limb of persons occupying said apartment," and that without any fault on plaintiff's part and by reason of the "*carelessness and negligence on the part of the defendant* in permitting the roof of said building and the ceilings of said apartment *to be and remain in a dangerous condition*" a portion of the ceiling in the demised apartment fell upon and injured the plaintiff. The complaint upon demurrer was held to be defective for the

reason as stated in the head note, that the allegations " did not necessarily convey the idea that there existed a *legal duty* on the part of the defendant to keep the ceilings of the plaintiff's apartment in a safe condition, or that there was any more than a *contract obligation* on the defendant's part to keep such ceilings in repair." The court said (p. 178): " The respondent does not question the ordinary rule that in the absence of contract the landlord was not bound to make repairs, nor the proposition that the breach by the landlord of a contract to make repairs *would not create a liability for personal injuries* sustained by that breach and the consequent falling of the ceiling. (*Schick* v. *Fleischhauer*, 26 App. Div. 210.) The contention, however, is that a duty devolved upon the landlord to keep the ceiling of the plaintiff's apartment safe, and that for negligence in failing to perform that duty a liability arises analogous to that recognized in the *Dollard* case and in those cited by Judge BRADLEY in his opinion in that case. The question here is whether this complaint contains sufficient allegations to bring this action within the rule invoked by the plaintiff. It appears that she and her husband were in the occupation of this apartment as tenants; that relation necessarily gave to them the possession of the whole apartment. The ceilings of the rooms were as much parts of the demised premises in their possession as were the walls and floors of the apartment. The rule imposing liability upon landlords for negligence in maintaining stairways and hallways and the ceilings of hallways and the appurtenances of demised premises in good order, over which they retain control, applies to those parts of the premises which are in common use by tenants and those invited upon the premises. The complaint in this action fails to state any fact which indicates negligence of the landlord in his failure to perform a duty *imposed by law upon him*. The allegation that he reserved control of the roof and the ceilings of the apartments does not necessarily convey the idea of a *legal duty* to keep the ceiling of the plaintiff's or any other apartment in the house in safe condition, or that there was any more than a *contract obligation* on his part to keep the ceiling of the plaintiff's apartment in repair."

In the case at bar the complaint expressly avers a contractual obligation and its breach by the defendants. There is no claim or suggestion of personal neglect other than such breach, and no sug-

gestion of the violation of a legal duty, and accordingly no cause of action in tort is stated.

It follows that the interlocutory judgment should be reversed, with costs, and judgment directed sustaining the demurrer, with costs, but with leave to the plaintiff to amend upon the payment of the costs in both courts within twenty days.

All concurred, except GOODRICH, P. J., who read for affirmance.

GOODRICH, P. J. (dissenting):

The complaint alleges that the defendants were owners and landlords of a tenement house in Manhattan and had leased apartments therein to one Goodman and had agreed to keep such apartments in proper repair, reserving the right to enter the apartments to make such repairs; that the defendants resided at the premises and had knowledge of the condition of the apartments; that the plaintiff "resided" at the premises with Goodman; "That as a result of the negligence of the defendants in not keeping the ceiling of the above-described apartments in proper repair, plaintiff was struck by such ceiling falling on her head while lying in bed," and thereby sustained injuries for which she claimed damages.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer for the reason that the action was not by a tenant suing for negligence by which personal injuries were sustained, but by an inmate who charged that her injuries were occasioned by the personal neglect of the landlord.

In *Sterger* v. *Van Sicklen* (132 N. Y. 499) the court quoted with approval the language of DEVENS, J., speaking for the court in *Severy* v. *Nickerson* (120 Mass. 306), as follows: "The distinction which exists between the obligation which is due by the owner of premises to a mere licensee who enters thereon, without any enticement or inducement, and to one who enters upon lawful business by the invitation, either express or implied, of the proprietor, is well settled. The former enters at his own risk; the latter has a right to believe that, taking reasonable care himself, all reasonable care has been used by the owner to protect him in order that no injury may occur."

The complaint alleges, though perhaps not with scientific accu-

racy, that the plaintiff's injury resulted from the negligence of the defendants. Taking this allegation as true, the demurrer was properly overruled.

In *Hilsenbeck* v. *Guhring* (131 N. Y. 674) it was held that the defendant was under no greater obligation to the plaintiff in that action than if he occupied the position of tenant himself, and that as the plaintiff was a guest of the tenant he was entitled to the same amount of care and no more than if he was a tenant, and consequently that the defendant was not liable for an injury to the guest *as the evidence failed to show any negligence.* But the present complaint alleges negligence resulting in the plaintiff's injury, aside from any duty which the defendants owed their tenant, and the action is not based upon a contract between a landlord and his tenant, but upon the negligence of the defendants resulting in injury to the plaintiff.

In *Edwards* v. *N. Y. & H. R. R. Co.* (98 N. Y. 245) it was said that " if any responsibility in this case attaches to the defendant, it cannot be based upon any contract obligation, but must rest entirely upon its *delictum.* If a landlord lets premises and agrees to keep them in repair and he fails to do so, in consequence of which any one lawfully upon the premises suffers injury, he is responsible for his own negligence to the party injured. * * * The responsibility of the landlord is the same in all cases. If guilty of negligence or other *delictum* which leads directly to the accident and wrong complained of, he is liable; if not so guilty, no liability attaches to him."

Here the allegation is that the defendants were guilty of negligence and that this was the cause of the plaintiff's injuries. It may be that the plaintiff may not succeed in proving negligence resulting in her injury, but we assume on demurrer that the allegation is true.

I think that the interlocutory judgment should be affirmed.

Interlocutory judgment reversed, with costs, and demurrer to complaint sustained.