## GOLDBERG v. BESDINE.

(Supreme Court, Appellate Division, Second Department. November 21, 1902.)

1. INJURIES TO TENANT'S PROPERTY—DAMAGES—EVIDENCE.

　　The evidence, in an action by a tenant against a landlord for damages to personal property, which showed the first cost of the articles injured or destroyed, but not their condition or value at the time of the injury, and showed that they had been in use for some time, was insufficient to establish the amount of the damages sustained.

2. SAME—NEGLIGENCE OF LANDLORD.

　　The evidence, in an action by a tenant against a landlord, under no covenant to repair, for damages caused by a portion of the ceiling of the leased building falling, which showed that water leaked through a portion of the ceiling but did not show what caused the leak, but that the water commenced to leak about three hours before the ceiling fell, was insufficient to show negligence on the part of the landlord so as to charge him with the damages sustained.

Appeal from trial term.

Action by Max Goldberg against Morris Besdine. From a judgment of the municipal court of the city of New York in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

K. C. McDonald, for appellant.

Morris Dangler, for respondent.

HIRSCHBERG, J. The pleadings are oral. The plaintiff "complained of the defendant for $250, damages to personal property," and the defendant made a general denial. On the trial it appeared that the plaintiff was the occupant of the first floor of certain premises in the borough of Brooklyn as a tenant of the defendant, and that the damages claimed resulted from a fire which was kindled in the plaintiff's room by a portion of the ceiling falling upon a lighted lamp. It was raining at the time, and the contention on the part of the plaintiff is that the ceiling was in a defective condition, that the premises leaked so that the water soaked through the upper floor and so upon the ceiling of the plaintiff's room, and that the defendant was liable for the damages by reason of his negligence in failing to keep the premises in repair. In deciding the case, the magistrate wrote as follows:

　　"I believe the ceiling fell because of the negligence of the defendant in failing to repair the building so that the water could not enter. The evidence as to the value of the property is meager, but, I think, is sufficient to prove damages to the extent of $75."

The evidence, in my judgment, is wholly insufficient to establish damages in the sum of $75. There is proof as to the first cost of the articles which the plaintiff claims were injured or destroyed, but they were all in use, and had been in use for some time, and no

proof was made of their condition or value at the time of the fire. Under these circumstances the estimate of value made by the court was necessarily conjectural, and is not based upon that reasonably precise proof which it was within the power of the plaintiff to furnish, and which the law requires.

The proof is equally unsatisfactory and inadequate upon the question of the defendant's liability. It is even unsatisfactory and inadequate upon the question of what caused the ceiling to fall. The plaintiff's children were seated at a table on which the lighted lamp was standing, and were engaged at the time in reading a book, and the statement of the only witness who was examined upon the subject is to the effect that some of the ceiling fell upon the lamp, breaking it, and causing the kerosene to ignite; but the table was not under that portion of the ceiling where the leak was, the portion of the ceiling which fell was not shown to have been affected by the water, and no circumstance except the coincident facts of the leak somewhere, and of the fall of the ceiling somewhere, appears in any way to unite the two occurrences. There was indeed some proof that some portion of the ceiling was in bad condition at the time the plaintiff hired the premises, but this had been thoroughly repaired by the landlord several days before the fire, and there was no proof tending in any way to show that the portion of the ceiling which fell was that which had been so repaired. There was no covenant on the part of the defendant, the landlord, to repair. Assuming that the water came from the premises over the plaintiff's room (which is by no means clear, inasmuch as some of the evidence indicates that it came from a broken leader through the plaintiff's window), there was no proof as to what caused it so to leak through, and, of course, no proof that it was in consequence of the landlord's negligence. The plaintiff had been in possession about two months, and this leak was the first which the proof clearly establishes. The water commenced to leak about three hours before the ceiling fell, and, although the landlord was promptly notified, it is not plain that there was anything he could then have done to prevent its continuance, and certainly nothing to that effect is indicated in the evidence. In any event, the leaky condition of the premises must be assumed to have developed so recently as to prevent the landlord from being chargeable with negligence from lapse of time, as otherwise the plaintiff, cognizable of the condition and the consequent danger, yet leaving his property exposed to injury, would be precluded from recovering the damages. Reiner v. Jones, 38 App. Div. 441, 56 N. Y. Supp. 423, and cases cited. The case of Blumenthal v. Prescott, 70 App. Div. 560, 75 N. Y. Supp. 710, is not at all in conflict. There the work of repair was in progress, and the injury resulted from the negligent manner in which it was carried on. The court distinguished that case from the class of cases of which Reiner v. Jones, supra, is one, referring to them (page 565, 70 App. Div., and page 713, 75 N. Y. Supp.) as "various cases where the landlord was under a covenant to repair, and it was held that where, the landlord having failed to comply with his covenant to repair, the tenant leaves his goods subject to the action of the weather,

he cannot recover for the damages sustained in consequence of a storm."

The action is in tort, and can be maintained only in case of neglect by the defendant of some legal duty which he owed to the plaintiff. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962. No such duty exists as to the demised premises, the obligation in that respect (if any) being contractual only. Witty v. Matthews, 52 N. Y. 512. As to the remaining premises, the evidence, as has been shown, being wholly insufficient to establish either the existence of a legal duty or neglect to discharge it on the defendant's part, and also being insufficient to establish any necessary connection between such neglect, if it existed, and the injury complained of, the judgment is without support and must be reversed. Wynne v. Haight, 27 App. Div. 7, 50 N. Y. Supp. 187; Golob v. Pasinsky, 72 App. Div. 176, 76 N. Y. Supp. 388.

The judgment should be reversed and a new trial ordered. All concur.