(99 App. Div. 417)

KUSHES v. GINSBURG.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. LANDLORD AND TENANT—INJURIES—NEGLIGENCE.

Where defendant orally leased an apartment to plaintiff, and plaintiff's wife was injured by the fall of a ceiling therein, which defendant represented was safe, plaintiff was not entitled to recover on the theory of negligence, since the demise of the apartment included the ceilings of the room.

2. SAME—PROMISE TO REPAIR.

A landlord's breach of his agreement to repair a ceiling of a leased apartment was insufficient to render him liable for personal injuries to the tenant's wife occasioned thereby.

3. SAME—FRAUD.

Where, in an action against a landlord for injuries to a tenant by the fall of a ceiling in the apartment demised, it was alleged that the landlord falsely represented to plaintiff that the ceiling was safe, but there was no allegation that defendant did not believe that such statement was true, or that he intended to deceive plaintiff, the complaint was not sustainable on the theory that a cause of action for fraud was alleged.

4. SAME—NUISANCE.

The maintenance of an unsafe ceiling in an apartment owned by defendant, which had been leased to plaintiff, and which was in his exclusive occupation, was not a nuisance.

Van Brunt, P. J., and Hatch, J., dissenting.

Appeal from Special Term, New York County.

Action by Alter Kushes against Isadore Ginsburg. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Benjamin Tuska, for appellant.
Bernard Gordon, for respondent.

INGRAHAM, J. The action is for damages for the injuries caused to the plaintiff's wife by the falling of the ceiling in an apartment that the defendant had leased to the plaintiff. The complaint alleges the ownership of the property by the defendant; that

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 631.

n the month of January, 1899, the defendant leased to the plaintiff, by parol, certain premises in the building, representing to the plaintiff that the same were in good condition and repair, and then agreed that he would keep the property thus leased in good and proper repair; that, relying upon said representations and agreement, the plaintiff entered upon and took possession of the premises; that the defendant, in violation of the said agreement with the plaintiff, "negligently, knowingly, and unlawfully permitted the said apartments, after said time, and during all the time prior to the occurrence hereinafter referred to, to become and remain out of repair and in an unsafe and uninhabitable condition, and especially permitted the ceiling in the kitchen of said apartment to become and remain in an unsafe condition"; that after the plaintiff had gone into possession of the premises he frequently called the defendant's attention to the condition of the ceiling of the kitchen, but that the defendant on said occasions represented to the plaintiff that the said ceiling was perfectly safe and could not fall; that the said representation was in all respects false, and was made for the express purpose of inducing the plaintiff to remain on said premises, and the plaintiff, relying upon such representations and believing the truth thereof, remained therein; that on the 9th day of February, 1900, over a year after the lease of the property, the plaintiff's wife was injured by a fall of the ceiling of the kitchen; and the plaintiff seeks to recover for the injuries he sustained in consequence thereof.

There is no allegation in the complaint that at the time the apartment was leased the premises were not in repair; the allegation being, that, after the plaintiff entered into possession, the defendant, in violation of his agreement, permitted the premises to become and remain unsafe.

It is quite clear, under the settled rules, that this action cannot be maintained as an action for negligence. The demise of an apartment includes the ceilings of the rooms, and in such a case the liability of the defendant would be governed by the ordinary rules which obtain between landlord and tenant. Golob v. Pasinsky, 178 N. Y. 458, 70 N. E. 973. It is not alleged that the control of the ceiling was reserved by the defendant, and a breach of an agreement to repair would not entail a liability for personal injuries occasioned by a failure of the defendant to perform his agreement. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962. The plaintiff seeks, however, to sustain this complaint upon the ground that a cause of action for fraud is alleged. There is no allegation that the premises were not safe when the premises were leased, but the alleged fraud consisted of the fact that the defendant represented that this ceiling was safe when during the tenancy the plaintiff called his attention to it. There is no allegation that these representations were false, or were known by the defendant to be false when he made them. At some subsequent time he stated to the plaintiff that the ceiling would not fall, but just when that representation was made is not alleged. There is no allegation to show that the defendant did not believe that the statement was true,

·or that he intended to deceive; and thus scienter—a necessary allegation to sustain an action based on fraud—is not alleged.

The plaintiff also claims that the defendant was guilty of maintaining a nuisance, and is thus liable for the injuries caused thereby; but this alleged nuisance was an unsafe ceiling in an apartment house owned by the defendant, which had been leased to the plaintiff, and which was in his exclusive occupation. There was no element of a nuisance which would justify a recovery.

It follows that the judgment appealed from must be affirmed, with costs, with leave to plaintiff to amend the complaint upon payment of costs in this court and in the court below.

PATTERSON and LAUGHLIN, JJ., concur.

HATCH, J. (dissenting). I am unable to concur in the opinion written by Mr. Justice INGRAHAM in this case. It may be conceded that the agreement upon the part of the landlord to keep demised premises in repair is contractual in its nature, and does not contemplate damages arising therefrom based upon negligence in failing to fulfill the covenant. Such is the general rule. Golob v. Pasinsky, 72 App. Div. 176, 76 N. Y. Supp. 388, s. c. 178 N. Y. 458, 70 N. E. 973; Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855. In Wynne v. Haight, 27 App. Div. 7, 50 N. Y. Supp. 187, it was said that a case might be removed from the operation of this rule if the injury resulted not in consequence of a breach of the covenant to repair, but proceeded from some affirmative and direct act constituting negligence, and the acts were the proximate cause of the injury. Under such a case an action for negligence may be maintained. The averment contained in this complaint seems to be sufficient to bring the case within the operation of this rule. In substance, that averment is that the defendant knew the character of the material used in the plastering, and that, by reason of the character of such material, it would not fall. This was the representation of a material fact of such a character that the plaintiff had the right to rely thereon. It was followed by an averment that the matter was false in fact; that it was relied upon by the plaintiff; that he acted thereunder, and was induced thereby to remain in the possession of the premises, and therefrom sustained the injury of which complaint is made. This is a good averment of fraudulent representations, which gives a right of action for injury arising therefrom.

It is said, however, that there is no averment of scienter, and that the pleading is bad for that reason. In making the representation, the defendant, according to the allegation, assumed to know, as matter of fact, the material of which the ceiling was composed, and to represent as a fact that it was perfectly safe and could not fall. Under such circumstances, whether he had actual knowledge of the nature of the material or that it would not fall is not of consequence. As the representation was positive, if he made it with knowledge that it was untrue, intending to deceive, or made it without any knowledge upon the subject, it could make no difference;.

as in either event he would be liable as for a false representation. Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651; Hadcock v. Osmer, 153 N. Y. 604, 47 N. E. 923. It is clear from the averment that the plaintiff represented facts as of his knowledge; and the averments which follow—that they were false, were acted upon, and that the plaintiff suffered damage thereby—make out the statement of a cause of action for fraud, and this is sufficient.

It is true that the tenant had the right, upon the defendant's breach of his covenant, to repair the premises himself, and recover the value thereof or recoup it in an action for rent; and, if the premises were in fact dangerous, as they were, the failure to repair would authorize their abandonment by the tenant. By reason of the representations which are alleged to have been made, the plaintiff was induced to remain in the continued occupancy of the same in reliance thereon. Under such circumstances, it would seem that the averment was sufficient to show that the injury proceeded from the false representation made by the defendant. The action, therefore, is not founded upon the breach of the covenant to repair, but upon the affirmative representation of an existing condition which was false, but upon which the plaintiff was authorized to rely. The injury was received as the direct result of the defendant's representation, and this gave rise to a cause of action in his favor. It is not of consequence what name be applied to such a cause of action—whether it be negligence or otherwise tortious, or founded in fraud. It is sufficient if from all the averments facts are stated giving rise to a cause of action. I think the complaint sufficient for such purpose.

The interlocutory judgment should therefore be reversed, with costs, and the defendant be allowed to plead over upon the payment of costs in this court and in the court below.

VAN BRUNT, P. J., concurs.