(99 App. Div. 598.)

### SHERLOCK v. RUSHMORE et al.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. LANDLORD AND TENANT—INJURIES TO SERVANT—FAILURE TO REPAIR.

A landlord is not liable to a servant of his tenant for injuries owing to the premises being out of repair, on the ground of negligence in failing to make repairs, though he agreed to make them.

Appeal from Trial Term.

Action by Mary E. Sherlock against Lewis E. Rushmore, impleaded with Ada C. Williams and another. From a judgment

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 640.

and order dismissing plaintiff's complaint on the merits after taking a special verdict, she appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Thomas F. Magner, for appellant.

C. N. Bovee, for respondent.

WOODWARD, J.   Dr. J. P. Mooney was in possession of the premises at 118 Kent street, borough of Brooklyn, under a written lease on the 6th day of August, 1900.  This lease made no provision for the landlord to make repairs, but the plaintiff, over the objection and exception of the defendant, was permitted to put in evidence a certain alleged oral agreement on the part of the defendant Rushmore, as one of the executors and trustees under the will of Morris R. Williams, deceased, to make repairs.  The plaintiff, a relative of Dr. Mooney's wife, was engaged as housekeeper for Dr. Mooney, and in going to the cellar fell, and was injured, because of an alleged defect in the stairs.  The ground of negligence is not that the defendant, in making repairs, did the work in a negligent manner, but that he failed to make any repairs.  The learned court at Trial Term submitted several questions to the jury, and on the coming in of a verdict for $3,000 in favor of the plaintiff set the same aside, and entered an order dismissing plaintiff's complaint upon the merits.  The plaintiff appeals.

I am of opinion, assuming that the defendant made the agreement alleged, that the plaintiff has failed to make out a cause of action, and that the complaint was properly dismissed.  See Frank v. Mandel, 76 App. Div. 413, 416, 417, 78 N. Y. Supp. 855, and authorities there cited; Stelz v. Van Dusen, 93 App. Div. 358, 87 N. Y. Supp. 716.

The judgment and order appealed from should be affirmed, with costs.  All concur.

---

(99 App. Div. 509)

ROBINSON v. NEW YORK & S. I. ELECTRIC CO.

(Supreme Court, Appellate Division, Second Department.  December 15, 1904.)

1. RECEIVERS—LIABILITY FOR INJURIES TO EMPLOYÉ—PRIORITY OF CLAIM.

A judgment for personal injuries to an employé in the operation of property under receivership should be paid by the receiver from the income of the property, the same as operating expenses, such judgment having priority over receiver's certificates for current expenses, or mortgage or other debts existing when the receiver was appointed.