### SCHOLLHAMER v. HAMBURGER.

(Supreme Court, Appellate Term. May 7, 1909.)

NEGLIGENCE (§ 32*)—USE OF PREMISES—LICENSEE.

An owner of a building in process of construction prevented the use of an alley between the building and an existing building, and requested the janitor of the latter building, entitled to use the alley in the performance of his duties, to pass through the building in process of erection when-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ever he had occasion to go into the alley. The janitor, while walking across a plank provided by the owner of the building, was injured. He was at the time in the performance of his duties. *Held*, that he was not a mere licensee.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. § 32.*]

Appeal from City Court of New York, Special Term.

Action by Frederick Schollhamer against Barnett Hamburger. From a judgment of dismissal, with costs, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Maurice Sichel, for appellant.

Nadal, Carrere & Jones (Harold S. Recknagel, of counsel), for respondent.

PER CURIAM. This is an appeal from a judgment of the City Court dismissing plaintiff's complaint at the close of plaintiff's case in an action for damages caused by defendant's alleged negligence. Plaintiff was janitor of a building adjoining which defendant was erecting three buildings. An alleyway or light shaft extended from the rear of the premises where plaintiff was employed to the street. The use of this alleyway or light shaft was necessary in the performance of plaintiff's duties. Defendant's building operations prevented that use. Plaintiff so informed defendant, who told plaintiff to "go through his [plaintiff's] building when I had occasion to go into that alleyway." Accordingly, in the performance of his duties, plaintiff, while walking across a plank provided by defendant in his building, was precipitated and injured quite severely.

The learned trial judge dismissed the complaint on the ground that plaintiff was a mere licensee, upon the authority of Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594. In that case plaintiff went upon defendant's premises without invitation, or on a matter of common interest; in other words, as a stranger. On the record here, plaintiff was entitled to go to the jury, and the dismissal of the complaint was therefore error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.