FREDERICK SCHOLLHAMER, Appellant, v. BARNETT HAM-
BURGER, Respondent.

(Supreme Court, Appellate Term, May, 1909.)

Negligence —Acts or omissions constituting negligence — Use of land,
buildings and other structures: Licensees; Persons liable.

Where, in an action for personal injuries, it appears that the
defendant, the owner of a building in course of erection, prevented
the use of an alleyway or light shaft extending from the rear of an
adjoining building of which plaintiff was the janitor to the street
and necessary to be used by the plaintiff in the performance of his
duties as janitor, but told him to go through defendant's building
when he had occasion to go into the alleyway, and plaintiff, in the
performance of his duties, while walking across a plank provided
by defendant in his building was precipitated and severely injured,
a dismissal of the complaint upon the ground that plaintiff was a
mere licensee was error.

APPEAL by the plaintiff from a judgment of the City
Court of the city of New York, dismissing the complaint,
with costs.

Maurice Sichel, for appellant.

Nadal, Carrere & Jones (Harold S. Recknagel, of coun-
sel), for respondent.

*Per Curiam.* This is an appeal from a judgment of the
City Court dismissing plaintiff's complaint at the close of
plaintiff's case, in an action for damages caused by defend-
ant's alleged negligence. Plaintiff was janitor of a building
adjoining which defendant was erecting three buildings.
An alleyway or light shaft extended from the rear of the
premises where plaintiff was employed to the street. The
use of this alleyway or light shaft was necessary in the
performance of plaintiff's duties. Defendant's building op-
erations prevented that use. Plaintiff so informed defend-
ant, who said, " go through his (defendant's) building when

I had occasion to go into that alleyway." Accordingly, in the performance of his duties, plaintiff, while walking across a plank provided by defendant in his building, was precipitated and injured quite severely. The learned trial judge dismissed the complaint on the ground that plaintiff was a mere licensee, upon the authority of Sterger v. Van Sicklen, 132 N. Y. 499. In that case plaintiff went upon defendant's premises without invitation, or on a matter of common interest, in other words, as a stranger. On the record here plaintiff was entitled to go to the jury, and the dismissal of the complaint was, therefore, error.

Present: GILDERSLEEVE, DAYTON and GOFF, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.