The order should be modified so as to disallow the term and witnesses' fees for the May, 1907, term, and, as thus modified, affirmed so far as appealed from without costs. All concur.

---

ALDRICH v. LANE.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. LANDLORD AND TENANT—USE OF PREMISES—INJURIES FROM DEFECTIVE CONDITION—LANDLORD'S LIABILITY—COMMON-LAW LIABILITY.

In an action by plaintiff to recover against defendant, her husband's landlord, for injuries sustained by falling over a bicycle on the stairs of a house in which she lived, where it was not shown that the bicycle was put on the stairs by defendant, or that he knew it was there, or that it was his bicycle, defendant was not liable for plaintiff's injuries under his common-law liability as landlord, and plaintiff was not entitled to go to the jury upon that theory.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 629–646.]

2. SAME—STATUTORY PROVISIONS—FAILURE TO LIGHT "TENEMENT HOUSE"—WHAT CONSTITUTES TENEMENT.

Tenement House Act, Laws 1901, p. 908, c. 334, § 82, provides that in every tenement house a proper light shall be kept burning by the owner in the public hallways upon both the first and second floor during the nighttime. The statute requires, in order to constitute a tenement house within the statute, that it shall be occupied by at least three families who have a common right "in the halls, stairways, yards, water-closets, or privies, or some of them." Plaintiff's husband rented the first southerly store and the northerly apartment in the building, the first floor thereof consisting of two stores, in the south one of which plaintiff's husband conducted a confectionery business, and next to it on the north was a dry goods store, and plaintiff lived in the apartments over the dry goods store, and defendant and his family lived over the confectionery store. There was a hall on the first floor between the two stores and stairs leading from it to the second floor, which divided the apartments of plaintiff and defendant. That part of the building occupied by plaintiff and defendant was a separate house; there being no communication between it and the dry goods store, and the occupants of that store did not use the hall or stairs. Held, that the statutory requirement of three families was lacking to constitute it a tenement, and there was no evidence that the families had a common right to the halls, yard, etc., except the yard, which plaintiff was permitted to use, but, even if there were three families, including the dry goods store, and they had a common right to the yard, it did not constitute the building a tenement, as the statute required a common right in the halls, etc., or "some" of them, which necessitated a common right in more than one of the accessories named to constitute the building a tenement, and hence defendant was not liable for injuries resulting to an occupant from his failure to light the halls as required by statute.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 6913, 6915, 7814.]

3. TRIAL—TAKING CASE TO JURY—SUFFICIENCY OF EVIDENCE.

Where the evidence was insufficient to sustain a verdict for plaintiff, the trial court was not bound to submit any question of fact to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 338–340.]

Appeal from Trial Term, Queens County.

Action by Mary Aldrich against John Lane. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

S. Le R. Ackerly, for appellant.

Clarence Edwards, for respondent.

RICH, J. The action is to recover for personal injuries alleged to have been sustained by the plaintiff in falling over a bicycle in descending stairs from upper to lower rooms in a public hallway in an apartment house owned by defendant, in which plaintiff's husband was a tenant, and is predicated upon the failure of defendant to comply with the requirements of section 82 of the tenement house act (chapter 334, p. 908, Laws 1901), which provides:

"Public Halls.—In every tenement house a proper light shall be kept burning by the owner in the public hallways, near the stairs, upon the entrance floor, and upon the second floor, above the entrance floor of said house, every night from sunset to sunrise throughout the year, and upon all other floors of the said house from sunset until ten o'clock in the evening."

The lease under which plaintiff's husband occupied a portion of defendant's building states that the former "has agreed to take and hereby does take from the said party of the first part the southerly store and northerly apartment in the building situate on the northeast corner of Grand street and Court street, Elmhurst, borough of Queens, New York, for the term of three years with the privilege of two more," etc., followed by the covenant of the tenant to pay the rent and to keep the plumbing work in the store, pipes, glass, and the premises generally in repair, and to surrender the premises upon the expiration of the term. These are the entire provisions of the lease having any materiality to the issues.

The ground floor of the building consisted of two and possibly three stores or places of business, in the south one of which the plaintiff's husband conducted a confectionery and ice cream business. The next one to the north was occupied as a dry goods store by one Leveridge, who used the rear part as a residence for himself and family. The north one was used as a printing shop; but whether attached to or detached from the other two stores does not appear. That portion of the second floor over the dry goods store was occupied by the plaintiff and her husband as a dwelling, and that over the confectionery store by the defendant and his family for living purposes. The second story does not appear to have extended over the printing shop, nor are any other persons shown to have occupied any part of the building. There was a hall on the first floor, between the middle and south stores, leading to the street, on the north side of which a stairway led to a hall in the second story between and dividing the apartments occupied by the plaintiff and her husband on the north side and the defendant and his family on the south side. There was a banister rail on the south side of the stairs. There was no communication at the time of the accident, and had not been for some time prior thereto, between the hallway on the first floor and any part of the building, except the store on the first floor and rooms on the second occupied by the plaintiff and her husband, and the

rooms on the second floor occupied by the defendant and his family. There was a gas jet in the lower hall at the foot of the stairs, which was connected with the meter used by the plaintiff's husband. The defendant's daughters used a bicycle, and it had been left occasionally in the lower hall. It does not appear that it remained there for any length of time, or that it was ever seen in the hall except in the daytime. The testimony of the plaintiff tends to show that it was kept upstairs nights and brought down when it was desired to use it—sometimes in the morning and at others late in the afternoon. On one occasion, it does not appear when, after the plaintiff's husband had made a complaint, he overheard one of defendant's daughters say to her father: "Mr. Aldrich wants to have that wheel taken out of the hall before somebody gets hurt." On the evening of September 7, 1904, at 7:30 o'clock, the plaintiff passed through the lower hall and observed a bicycle resting against the wall on the south side, away from the stairway. She went to her rooms above, where she remained for a time, and during her absence some one moved it from the position it had occupied when plaintiff passed through the lower hall and placed it upon the stairs. At about 8 o'clock the plaintiff in passing down the stairs to the lower floor came in contact with the bicycle and was thrown down, receiving the serious injuries complained of. Both halls were unlighted and dark. There is no evidence that either of them had been lighted by the defendant at any time. The evidence does not even suggest that the defendant was in any manner responsible for the presence of the bicycle upon the stairs. It is not shown that it was the same bicycle that was in the lower hall when the plaintiff went upstairs, or that it was owned by any member of the defendant's family. There is no evidence that, after the defendant had been advised of the request of Mr. Aldrich that the wheel owned by his daughter should be kept out of the lower hall, it was not; no proof that it was ever in the lower hall thereafter. Neither the bicycle causing plaintiff's fall nor its location upon the stairs is in any manner connected with the defendant or any member of his family. The evidence does not establish a common-law liability of the defendant, and the trial court was justified in refusing to permit plaintiff to go to the jury upon that theory. Gorman v. White, 19 App. Div. 324, 46 N. Y. Supp. 1; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580; Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420.

The evidence was not sufficient to have warranted the jury in finding that the defendant's building was a "tenement house" within the meaning of the statute. That portion of the building occupied by the families of the plaintiff and defendant was an entire and separate house. Between it and the adjoining store, occupied by Leveridge, there was no interior communication and no common entrance or exit. Leveridge did not use the hall or stairs used by plaintiff and defendant, and had no rights therein or in any part of the premises occupied by them, nor had they or either of them any rights in the store occupied by him, so that the first statutory essential of three families in one house is lacking. There is no evidence showing a

common right of these three families in the "halls, stairways, yards, water-closets, or privies" of or connected with the building. The only accessory named in the statute which could be claimed to have established a basis for a recovery is the yard which it is contended was used in common by the three families for drying clothes. The lease to the plaintiff's husband does not give any right to the lessee therein. It purports to lease only the southerly store and northerly apartment. That his family were permitted to use the yard does not create or establish the "common right" required by the statute. The defendant had no access to the yard except through the premises of his tenants, and it is not shown that he reserved this or had any right to it. At the time of the accident and for some time prior thereto defendant is not shown to have used the yard. The testimony as to any use of it by him or his family is limited to the space above the ground forming the yard, over which a clothes line passed from his rooms in the second story to a pole in the back part of the yard upon which clothes were run out and dried. But, conceding that the three families did have a common right in the yard within the meaning of the statute, it would not avail the plaintiff, because it is evident from the language employed by the Legislature that a common right in one of the accessories is not sufficient to constitute the building with which it is connected a tenement house. The statute requires a common right by at least three families occupying the building "in the halls, stairways, yards, water-closets or privies, or some of them." It cannot be held that the Legislature intended that a common right in one of the accessories should be supposed; otherwise it would have said so. It is apparent that the word "some" was not intended to be synonymous with "any," and requires a common right by at least three families living in a building in more than one of the accessories named to bring such building within the statutory definition of a "tenement house."

The evidence was insufficient to sustain a verdict in plaintiff's favor, and the learned trial court was not bound to submit any question of fact to the jury. The exceptions do not present reversible error, and the judgment must be affirmed, with costs. All concur.