ELIZA J. PELLS, Respondent, v. ULYSSES G. STOCKWELL, Appellant.

*Negligence — landlord and tenant — injury in unlighted hall.*

Appeal by the defendant, Ulysses G. Stockwell, from a judgment of the County Court of Albany county, entered on the 15th day of January, 1917, and from an order entered on the same day, which order and judgment affirmed a judgment of the City Court of Albany in favor of the plaintiff.

Judgment and order affirmed, with costs. All concurred, except Woodward, J., dissenting in an opinion in which Sewell, J., concurred.

WOODWARD, J. (dissenting): The plaintiff brought her action in the City Court of Albany to recover damages for alleged personal injuries, with injury to personal property, caused by the alleged negligence of the defendant in the construction and maintenance of an apartment house in the city of Albany. The pleadings were oral, and were supplemented by a bill of particulars, which alleges that " on or about February 15th, 1915, the plaintiff, by reason of the negligence in construction, in repair and in the maintenance of premises known as the Knickerbocker Apartments at the corner of Jay and Dove streets in the city of Albany, New York, while she was entering said premises from Dove street, was thrown to the ground and sustained a sprained joint on the large toe," etc. There was no allegation that the Knickerbocker Apartments were a tenement house within the definition of section 2 of the Tenement House Law,* nor is there evidence in the case from which it may be inferred that the premises where this accident occurred came within the definition of the statute. Without establishing such facts, there is no ground for the charge of the court that if the jury find that the defendant violated the provisions of section 76 of the Tenement House Law,† this might be taken into consideration as bearing upon the question of negligence. There is no evidence in the case that the defendant was maintaining a tenement house within the statutory definition, and the evidence was undisputed that the defendant did maintain such a light as the statute requires for a tenement house, so that in no possible view of the case is there any foundation for the verdict of the jury, in so far as the Tenement House Law is concerned, and while the record does not show any formal exception to the charge of the court, the trial took place in the City Court of Albany, upon oral pleadings, and it is competent for this court, in considering an appeal, to determine whether there was in fact any basis for the verdict of

---

* See Consol. Laws, chap. 61 (Laws of 1909, chap. 99), § 2, subd. 1, as amd. by Laws of 1912, chap. 13.— [REP.

† Amd. by Laws of 1911, chap. 388.— [REP.

the jury. In *Aldrich* v. *Laul* (126 App. Div. 427) it was held that a building which was not shown to be within the definition of the statute did not bring the case within the purview of the statute, and that the jury had no authority to base a verdict upon testimony which failed to establish the facts necessary to show that the building was a tenement house. The statute was amended subsequent to the determination of the case cited, and it was modified, but there is still a statutory definition of a tenement house, and this case is not brought within the definition. (See Laws of 1912, chap. 13.) With the Tenement House Law out of the case, as it must be, where is the evidence of negligence on the part of the defendant ? There was evidence to warrant the jury in finding that the Knickerbocker Apartments were constructed in sections, and that originally the entrance was upon Dove street, where the plaintiff entered, but that for a period of more than a year the entrance held open by the defendant was upon Jay street, where an elevator was maintained, and that the Dove street door was kept locked from the inside, and was used only for exit, this fact being called to the attention of persons by a sign upon the door. There was, however, some evidence calculated to support a finding that this sign was put up subsequent to the accident, and it may be assumed for the purposes of this discussion that this was the fact. Taking this view, and that the plaintiff, with her daughter, the latter being a tenant, had a clear right to make use of the Dove street door, the only other alleged negligence is that there was a step leading up from the vestibule into which they entered to the main hall and that the plaintiff, following her daughter into the hall, tripped her toe and fell forward, receiving more or less painful bruises, confining her to her home for four weeks. We know of no law which forbids the construction of buildings with steps leading up from lower to higher elevations; at common law there would be no liability, so far as we can discover, and no statute is claimed to have been violated in the construction of this building. If the hallway was dark, as the plaintiff's witnesses testify, it was her duty to establish by evidence that she exercised a reasonable degree of care in entering a strange place in the dark; she could not assume that the floors of the vestibule and of the hallway were upon a level. It was for her to proceed cautiously, feeling her way, or refrain from advancing until lights were produced, no necessity for precipitate action being shown. Instead of doing this, she appears to have simply drawn open the door, which closed after her daughter had gone before, and stepped forward, without taking any precautions, and she tripped and fell. If there is liability on the part of a landlord for such a mishap as this, then the ownership of apartments is a dangerous thing, and will be avoided by prudent investors. There is no legitimate foundation for the judgment, and it should be reversed. Sewell, J., concurred.